Timothy Wade REYNOLDS

v.

**SHERIFF, CITY OF RICHMOND, et al.**

Civ. A. No. 83–0458–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 26, 1983.

Lawrence Douglas Wilder, Roger L. Gregory, Wilder, Gregory & Associates, Richmond, Va., for plaintiff.

James W. Hopper, Richmond, Va., for defendants.

## OPINION

WARRINER, District Judge.

On 28 July 1983 plaintiff filed his complaint seeking damages for a violation of his right to be secure from cruel and unusual punishment. Somewhat incongruously, the complaint alleges the negligent infliction of punishment as well as the malicious infliction of punishment. All three defendants have moved to dismiss and the briefing is complete.

Defendant Virginia Department of Corrections is alleged to be liable to plaintiff in paragraphs 26 through 29 of the complaint by virtue of its policy or practice of leaving convicted felons in the jail system. As a consequence of this policy it is alleged that plaintiff, a pretrial detainee in the jail, came in contact through the act of defendant Melchor with two convicted felons who beat him, causing the injury of which he complains.

The Department of Corrections bases its motion to dismiss on two grounds: (1) it, as an agency of the State, is immune from suit under the Eleventh Amendment; (2) it, as an agency of the State, is not a "person" within the meaning of 42 U.S.C. § 1983.

Defendant Virginia Department of Corrections appears entitled to dismissal on both these grounds. Plaintiff acknowledges that immunity would ordinarily apply but argues that Virginia waived her sovereign immunity by enactment of Section 8.01–195.1 of the Code of Virginia. This Code section waives sovereign immunity in some cases for tort liability provided the suit is filed in State court. Such waiver may not properly be construed as a waiver of immunity under the Eleventh Amendment to the same or similar suits in federal court. See *Marrapese v. Rhode Island*, 500 F.Supp. 1207, 1214 (D. R.I.1980); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Jacobs v. College of William and Mary*, 495 F.Supp. 183 (E.D.Va.1980).

Similarly, though plaintiff argues that *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) brought an end to the legal supposition that only natural persons are "persons" in contemplation of § 1983, *Monell* should not be read, at least at the present, to include State-wide agencies such as the Virginia Department of Corrections as persons. *See Quern v. Jordan*, 440 U.S. 332, 338, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Ruiz v. Estelle*, 679 F.2d 1115, 1137 (5th Cir.1982).

Accordingly, an order dismissing the Virginia Department of Corrections as a party defendant will issue.

Defendant Sheriff Winston moves to dismiss on the ground that the complaint alleges no personal involvement on his part and that the absence of personal involve-

ment is fatal to a § 1983 action under *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). While defendant Winston is correct that he may not be held liable under the doctrine of respondeat superior, plaintiff argues in his reply brief that the complaint is sufficient to be construed as alleging that the Sheriff either directed the offending act by defendant Melchor or that he acquiesced in such act after it was committed.

If that is what plaintiff sought to allege, it arises only by inference from the words used. Further, if the alleged direction from or acquiescence by the Sheriff is merely a defensive supposition on plaintiff's part, it should soon be revealed by an appropriate motion for summary judgment. In truth, if plaintiff has no reason in fact or in law to bring suit against the Sheriff, he ought not to do so. If he does have such reason then he certainly should not refrain from doing so. In any event, given plaintiff's construction of his complaint it would be premature to dismiss the action against the Sheriff.

██ There is a further reason for not dismissing the action as against the Sheriff, not mentioned by counsel. Paragraph 23 of the complaint may fairly be construed as indicating a policy on the part of the Sheriff of non-segregation of felons from pretrial detainees. If the Sheriff established and maintained such a policy, and if such a policy violates a constitutional right of plaintiff, and if as a proximate result thereof plaintiff was injured, then it is at least arguable that a claim has been stated under § 1983. Giving paragraph 23 *et seq.* such a construction, affords the Court an additional reason for denying Sheriff Winston's motion to dismiss.

██ Defendant Melchor, in a motion joined in by the Sheriff, moves to dismiss the complaint on the ground that it alleges plaintiff is a pretrial detainee and, as such, defendants argue, he is conceptually without the protection of the Eighth Amendment cruel and unusual punishment clause. These defendants point out that it is of this constitutional deprivation, and this depriva-

tion only, that the complaint speaks. They rely on *Bell v. Wolfish*, 441 U.S. 520, 555, 99 S.Ct. 1861, 1882, 60 L.Ed.2d 447 (1979) and *Ingraham v. Wright*, 430 U.S. 651, 664, 97 S.Ct. 1401, 1408, 51 L.Ed.2d 711 (1977) for the proposition that convicted persons, only, may look to the Eighth Amendment for succor.

I think the defendants Winston and Melchor are undeniably correct in their legal analysis. Plaintiff recognizes the strength of their argument also but argues that as a pretrial detainee he is not properly subject to *any* punishment and that he will undertake to prove not only that he was punished but also that the punishment was cruel and unusual.

It is difficult to understand why plaintiff would choose to allege and prove substantially more than is required of him in order to prevail in this action. In my understanding of the law whether or not the injury inflicted upon plaintiff was punishment, properly so called, much less whether it was cruel and unusual punishment, is not plaintiff's burden. What plaintiff must prove, I believe, is that he was intentionally deprived of some right protected by the Constitution of the United States without due process of law. The right implicated in this case may be his liberty right to be free from bodily injury. In this connection, however, *see Dandridge v. Police Department of the City of Richmond*, 566 F.Supp. 152 (E.D.Va.1983); *Sellers v. Roper*, 554 F.Supp. 202 (E.D.Va.1982); and *Brooks v. School Board of the City of Richmond*, 569 F.Supp. 1534 (E.D.Va. 1983).

At this stage of the pleading, however, it cannot be ascertained what right plaintiff claimed was violated by the acts of defendants or any one or more of them. A claim that plaintiff's right to be free from cruel and unusual punishment must be dismissed on the authority of *Bell*, *Ingraham*, and *Freeman v. Franzen*, 695 F.2d 485, 491 (7th Cir.1982). However leave will be granted plaintiff to file an amended complaint within ten days of the entry hereof naming the appropriate party or parties

defendant and stating which constitutional right, if any, that party defendant intended to deprive plaintiff of or that right which the party defendant reasonably should have known would be the consequence of his act or omission. Defendants shall file their response thereto within ten days of the filing of the amended complaint. If the amended complaint be not filed within ten days of the entry hereof, an order dismissing the complaint will issue.

And it is so ORDERED.