John B. VESTER, Plaintiff,

v.

Edward MURRAY, et al., Defendants.

Civ. A. No. 86–567–N.

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 17, 1988.

John B. Vester, pro se.

M.H. Priddy, McGuire, Woods, Battle & Boothe, Richard F. Gorman, III, Asst. Atty. Gen., Crim. Law Enforcement Div., Richmond Va., for defendants.

## ORDER

DOUMAR, District Judge.

Plaintiff, a Virginia inmate, has filed this action pursuant to 42 U.S.C. § 1983, claiming he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. This case is before the Court on defendants' motions for summary judgment. In addition, the Court will consider the motions of defendants Harman, Harland and Fry for attorney's fees and costs. For the reasons stated below, the defendants' motions are GRANTED and this case is DISMISSED.

## DISCUSSION.

A. Motions for Summary Judgment.

This complaint arises out of plaintiff's dissatisfaction with the dental treatment provided at his place of incarceration, Powhatan Correctional Center. According to the medical defendants' affidavits and the plaintiff's medical records, the plaintiff received the following treatment for his dental needs while at Powhatan:

1. October 31, 1985, Dr. Harman took a mandibular impression, bite record, and shade for plaintiff's maxillary denture.

2. November 25, 1985. Dr. Harman performed remaining maxillary extractions and delivered plaintiff's maxillary immediate dentures (dentures placed in patient's mouth immediately after surgery to allow gums to heal around them).

3. November 27, 1985, Dr. Harland saw plaintiff for a follow-up examination and noted plaintiff's gums were healing well.

4. November 29, 1985, Dr. Harman saw plaintiff for denture adjustments.

5. December 2, 1985, Dr. Harman made further adjustments.

6. January 10, 1986, Dr. Harman performed mandibular extractions on plaintiff. Following this procedure, a six to eight week healing period was required prior to making impressions.

7. March 6, 1986, Dr. Harman took mandibular impressions and ordered a partial denture.

8. April 14, 1986, Dr. Harman saw plaintiff for a maxillary permanent reline.

9. May 30, 1986, Dr. Harman saw plaintiff for lifting of the mandibular partial denture framework. Surgery was performed to remove the mandibular tori hindering the denture fit.

10. June 19, 1986 partial mandibular denture fitted.

11. July 21, 1986 plaintiff examined because of bony sequestrum, sliver of detached bone, had worked out of gum.

12. August 13, 1986, Dr. Harman adjusted partial denture.

Plaintiff alleges that during this period of treatment he did not get appointments as quickly as he felt necessary and therefore those defendants have imposed cruel and unusual punishment upon him.

Accordingly, plaintiff filed this action against Drs. Harman and Harland, dentists employed at Powhatan (hereinafter "medical defendants") and several correctional system administrators (hereinafter "nonmedical defendants"). Plaintiff claims that these delays in appointments resulted from an alleged conspiracy to defraud the Commonwealth of funds allocated for the provision of medical care to Virginia inmates.

Clearly, in order to establish exposure to cruel and unusual punishment, plaintiff must prove that these defendants were deliberately indifferent to a serious medical need and acted under color of state law. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); *Estelle v. Gamble*, 429 U.S. 97, 104–105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Calvert v. Sharp*, 748 F.2d 861 (4th Cir.1984).

### a. Medical defendants.

■ Plaintiff has not stated a claim under § 1983 against the medical defendants because he has not alleged and the record does not indicate that these defendants exercised custodial or supervisory duties in the Virginia Department of Corrections. Therefore, plaintiff has failed to allege facts sufficient to characterize these defendants' activities as under color of state law.[1] *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Calvert v. Sharp*, 748 F.2d 861 (4th Cir. 1984); *White v. Sielaff*, No. 85–0027–AM (April 26, 1985 E.D.Va.); *Greenstein v. Huffman*, No. 86–0069(H) (October 7, 1986 W.D.Va.).

■ Furthermore, even if the medical defendants were deliberately indifferent to this plaintiff, the indifference was not to any serious medical need but to plaintiff's mere convenience. Plaintiff has not alleged nor shown that he was deprived treatment, but only that he was dissatisfied with the timeliness of his appointments. This is not the type of serious medical need contemplated by the eighth amendment. *See Mills v. Oliver*, 367 F.Supp. 77 (E.D. Va.1973). The Fourth Circuit has indicated that a serious medical need arises when (1) "the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or denial of care would be substantial." *Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir.1977). Here the plaintiff's dental prob-

---

**1.** Plaintiff's theory of the case is that the medical defendants acted under color of state law by virtue of their conspiracy with state officials. However, while the plaintiff has accused the nonmedical defendants of conspiring to defraud the Commonwealth, plaintiff has not stated facts in his affidavit that in any way implicate any of these defendants. These bald assertions, standing alone without any support whatsoever are insufficient to support plaintiff's position.

lems were alleviated by the provision of adequate dental treatment. Moreover, the plaintiff's treatment has been completed without plaintiff being substantially harmed as a result of any backlog in dental treatment.

The Court notes plaintiff's very serious allegations of mismanagement, inefficiency and fraud in the operation of the prison dental facility. However, while these alleged problems should be of particular concern to the Commonwealth, they do not state, and it has not been shown, that these medical defendants acted under color of state law or that they were deliberately indifferent to any specific serious medical need. Indeed, the record clearly shows that plaintiff received substantial and adequate care for his dental problems. Accordingly, the complaint against these medical defendants is DISMISSED.

### b. Nonmedical defendants.

Because the alleged delays in scheduling appointments are not actionable, as discussed *supra*, this complaint, which is based upon those delays, must be dismissed against the nonmedical defendants as well.

Further, plaintiff has not alleged or shown that any of the non-medical defendants were personally involved in the alleged conspiracy to defraud the Commonwealth. Because the doctrine of respondeat superior does not apply to § 1983 cases, the complaint cannot be said to state an action against these defendants regardless of the merits or demerits of the claim against the medical defendants. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed. 2d 561 (1976); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir.1977).

### B. Motions for Attorney's Fees and Costs.

█ Title 42, United States Code § 1988 provides that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

Plaintiff Vester is a writ writer of some renown. He produces volumes of § 1983 suits, filing thirteen in this Court since March, 1984. This plaintiff operates like a small law firm, cranking out pleadings on his computer and utilizying his own legal stationery, with letterhead which symbolically depicts a blindfolded lady of justice. Plaintiff has also shown an impressive knowledge of the law. Indeed, the Court is currently considering a case filed *pro se* by this plaintiff which ably presents an interesting constitutional law issue of potential merit.

However, the Court finds the instant case to be wholly without merit and, in fact, frivolous. While this plaintiff must be afforded full access to the courts in order to prosecute any meritorious claims he may have, this Court is not to be used by litigants as a mere mechanism to harass government officials. In *Wycoff v. Brewer*, 572 F.2d 1260 (8th Cir.1978), the Court of Appeals aptly stated that Section 1983 prisoner suits

> ... are frequently without merit and may be maliciously motivated. An inmate may use a suit or a threat of a suit as a lever to obtain favorable treatment or a desirable work assignment. Since § 1983 suits are usually prosecuted in forma pauperis, and since prison officials may not constitutionally retaliate against a convict for invoking his rights of access to the courts, inmates have essentially nothing to lose, including time, by prosecuting such actions, and they may gain something even if it is nothing but the satisfaction of harassing, inconveniencing and annoying those who have them in charge.

*Id.* at 1266–67.

The Court is particularly concerned with the substantial cost and legal fees which have apparently been accrued by defendants in their defense of this frivolous law suit.

Unfortunately, the Court is not at liberty to avert such injustice by dismissing frivolous complaints *sua sponte*. Although Title 28 of the United States Code, § 1915 provides that "[t]he court ... may dismiss [a *pro se*] case ... if satisfied that the action is frivolous and malicious" and Rule

12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of complaints which do not state a claim upon which relief can be granted, subsequent judicial interpretations have undercut the utility of this statute and rule as they are applied to prisoners' cases. It now appears well established that a prisoner's *pro se* "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed. 2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972). Once the court has stated the previously nonstated cause of action, in accordance with *Conley*, this cause of action cannot be declared frivolous under § 1915(d) unless it is without arguable merit, both in law and fact. *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It is manifest that any cause of action imagined by the court, rather than stated by the complaint, would be at least arguable.

In the instant case, the complaint did not state facts which could support a finding that defendants deliberately disregarded a serious medical need. Indeed, had the plaintiff been represented by counsel, the complaint would have been readily dismissed under Rule 12(b)(6). However, pursuant to the broad and liberal standard for evaluating a *pro se* litigant's complaint, the court could not conclude that the plaintiff would be unable to prove any actionable set of facts not stated in the complaint. (For example, the plaintiff might have suffered substantial medical harm, such as serious infections, resulting from deliberate delays in dental treatment.) Although such facts are not stated in the complaint, the Court could not dismiss this apparently frivolous action until all such possibilities were eliminated by the submission of affidavits and motions for summary judgment.

Plaintiff has taken full advantage of his right of access to the courts in seeking the benefits inherent in submitting claims to a fair and impartial judiciary. However, plaintiff must be aware that along with those benefits come certain responsibilities. Here, plaintiff must take responsibility for abusing the processes of this court for his own improper purposes. It is unnecessary to determine if a *pro se* litigant with renown as a writ writer is subject to Rule 11 sanctions. The plaintiff is subject to the attorney fee provisions of § 1988. Accordingly, the Court exercises its discretion in GRANTING defendants Harland, Harman and Fry's motions for costs, including attorney's fees. Defendants Harland, Harman and Fry are DIRECTED to submit a verified statement of their costs, including attorney's fees, to the Court, within twenty (20) days of the date of this order. Upon receipt of said statement, the Court will award costs and attorney's fees against plaintiff in an appropriate and reasonable amount.

Accordingly, all defendants' motions for summary judgment and attorney's fees and costs are GRANTED, and this case is DISMISSED subject to the determination of costs and attorney's fees.

The plaintiff is advised that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, U.S. Courthouse, 600 Granby Street, Norfolk, Virginia 23510, which said written notice must be received by the Clerk within thirty (30) days from the date of this order and may be filed without the prepayment of costs or giving security therefor.

IT IS SO ORDERED.