**Russell B. VINNEDGE, Appellant,**

v.

**G. W. GIBBS, Superintendent of Jails, Department of Corrections for the State of Virginia, et al., Appellees.**

No. 74–2021.

United States Court of Appeals, Fourth Circuit.

Argued April 6, 1976.

Decided Jan. 6, 1977.

Jon P. Popowski, Third Year Law Student (Randall M. Chastain, Columbia S. C., court-appointed counsel on brief), for appellant.

John K. Coleman, Arlington, Va., Burnett Miller, III, Asst. Atty. Gen., Richmond, Va. (John J. Brandt, Slenker, Brandt, Jennings & O'Neal, Arlington, Va., Andrew P. Miller, Atty. Gen. and M. Stuart Bateman, Asst. Atty. Gen., Richmond, Va., on brief), for appellees.

\* For the Northern and Southern Districts of West Virginia, sitting by designation.

1. 42 U.S.C. § 1983:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be

Before BOREMAN, Senior Circuit Judge, WIDENER, Circuit Judge, and HADEN, District Judge \*.

WIDENER, Circuit Judge:

Russell Vinnedge brought this civil rights action for damages under 42 U.S.C.A. § 1983 [1] alleging that defendants, under color of state law, denied him medical treatment after his arrest and while he was incarcerated in the Fairfax County Jail. He also alleged that defendants Riddel, Miles, Blankenship, and Wilson, detectives of the Fairfax County Police Department, coerced a confession from him in violation of his Fifth Amendment right against compulsory self-incrimination. This appeal is taken from an order of the district court dismissing the complaint against the four detectives and appellee G. W. Gibbs, Superintendent of Jails for the State of Virginia, for failure to state a claim upon which relief can be granted. FRCP 12(b)(6).

We are of opinion that, with respect to his claim of denial of medical treatment after incarceration, Vinnedge failed to state a cause of action under § 1983 against Gibbs. That portion of the district court's order dismissing claims against him will therefore be affirmed.

Because we are unable to say with assurance from the record that a claim upon which relief could be granted was not stated against the detectives, however, we must vacate the district court's order of dismissal as to them, and remand for further proceedings.

According to Vinnedge's allegations, which we accept as true for the purposes of this appeal, *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), he was arrested on a charge of armed robbery at about one o'clock on the

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

morning of April 11, 1973 by defendant-detectives. Vinnedge informed the arresting officers that he suffered from a mental illness, that he had been under psychiatric care, and that he "needed psychiatric help." The officers then told Vinnedge during a post-arrest custodial interrogation that he would receive medical treatment after he withdrew his request for counsel and confessed to the charges against him.[2] Vinnedge was thereafter confined in the Fairfax County Jail over a course of weeks without receiving medical assistance.

■■■ The district court entered an order of dismissal as to all defendants, for one reason that the pro se complaint was of a conclusory nature as lacking in "factual support." The order was also based on the fact that the plaintiff "made no showing of a then present need for medical care." In this respect, the district court was in error, for pro se complaints, however unskillfully pleaded, are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We think the complaint stated enough so that it should not have been dismissed, but we hasten to add we express no opinion as to whether or not the plaintiff with aid of counsel will be able to state a cause of action.

■■■ Defendants concede, as they should, that prisoners are entitled to reasonable medical care, and that officers having custody of a prisoner have a duty to procure such care. *Blanks v. Cunningham*, 409 F.2d 220 (4th Cir. 1969); *Edwards v. Duncan*, 355 F.2d 993 (4th Cir. 1966). A willful denial of medical treatment to a prisoner may rise to the level of cruel and unusual punishment, and thus support a claim cognizable under § 1983. *Corby v. Conboy*, 457 F.2d 251, 254 (2d Cir. 1972). Defendants argue, however, that they were not charged with custody of Vinnedge during his tenure at the Fairfax County Jail,

and thus had no duty with respect to his medical treatment.

Gibbs is a State administrative official, appointed by the Director of the Department of Corrections. While ultimate responsibility for setting minimum standards for the construction and equipment of local jails, and minimum requirements for the feeding, clothing, and medical attention of prisoners is vested in the State Board of Corrections, Va.Code Ann. § 53–133 (1974), the local Sheriff is the keeper of each county jail, § 53–168, and is responsible for the procurement of food, clothing and medicine for local prisoners, § 53–175. It is the Sheriff who is immediately responsible for the prisoner's medical needs under the statute, not Gibbs.

It is conceded that Vinnedge alleged no facts indicating Gibbs' personal involvement in the denial of medical care. No allegation has been made, let alone factually supported, however liberally we construe the complaint, that Gibbs had any personal connection with any denial of medical care whoever may have been responsible to furnish it, the local Sheriff or the detectives.

■■■ Although § 1983 must be "read against the background of tort liability that makes a man responsible for the natural consequences of his actions," *Monroe v. Pape*, 365 U.S. 167, 187, 81 S.Ct. 473, 484, 5 L.Ed.2d 492 (1961), "[l]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiffs' rights. The doctrine of *respondeat superior* has no application under this section." *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D.Md.1971), aff'd 451 F.2d 1011 (4th Cir. 1971). Having failed to allege any personal connection between Gibbs and any denial of Vinnedge's constitutional rights, the action against him must fail. Accord *Jennings v. Davis*, 476

---

2. Although the complaint does not specifically allege that a confession was actually obtained, for our purposes here we find it implicit in the cause of action, especially since the complaint was pro se. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Also, because plaintiff apparently pleaded guilty to the charges against him, we suppose no issue of suppression was raised in the criminal proceedings, see *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and no claim for damages is based on the actual use of an illegally obtained confession.

F.2d 1271 (8th Cir. 1973); *Adams v. Pate,* 445 F.2d 105 (7th Cir. 1971).

With respect to the detectives, however, they clearly were in custody of the plaintiff during some period of time, at least after his arrest and during his interrogation. While it can hardly be maintained that during such a brief interval they had a duty to provide Vinnedge with a psychiatrist upon request, Vinnedge has alleged that they were responsible for the denial of medical treatment to him during several weeks of confinement. We remand to the district court to determine whether Vinnedge, who is now represented by counsel, may amend his pleadings to allege that the detectives had custody of him for a sufficient length of time to support a cause of action against them for a deprivation, if any, of his Eighth Amendment rights.

On remand, the district court will also have before it whether a cause of action was stated under § 1983, or may be stated on amendment of the complaint, for the deprivation of Vinnedge's Fifth Amendment right against compulsory self-incrimination, based on the alleged coerced confession. Compare *Thornton v. Buchmann,* 392 F.2d 870 (7th Cir. 1968) and *Allen v. Eicher,* 295 F.Supp. 1184 (D.Md.1969), with *Duncan v. Nelson,* 466 F.2d 939 (7th Cir. 1972), cert. den. 409 U.S. 894, 93 S.Ct. 116, 34 L.Ed.2d 152 (1972), and *Kerr v. Chicago,* 424 F.2d 1134 (7th Cir. 1970). We express no opinion on the matter.

It may also be necessary on remand for the district court to consider whether either or both of the possible causes of action stated by Vinnedge are barred by the Virginia statute of limitations of one year for § 1983 claims. That issue was raised in an answer filed but was not considered by the district court which granted the motion to dismiss as before related.

The order of the district court will be affirmed in part, vacated in part, and the case remanded for proceedings not inconsistent with this opinion.

*AFFIRMED IN PART; VACATED IN PART; and REMANDED.*