Joseph **GREENSTEIN**, Plaintiff,

v.

Larry W. **HUFFMAN**, Warden, Dr. A. Shillinger, D.D.S., Defendants.

Civ. A. No. 86–0069(H).

United States District Court, W.D. Virginia, Harrisonburg Division.

Oct. 7, 1986.

---

Joseph Greenstein, pro se.

Mary Sue Terry, Atty. Gen. of Com. of Virginia, Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

Joseph Greenstein, a Virginia inmate, brought this action under 42 U.S.C. § 1983 for violation of his Eighth and Fourteenth Amendments rights. Plaintiff contends that defendants were deliberately indifferent to his medical needs. He alleges that he is allergic to all local anesthetic and that all dental work must be done with general anesthetic. However, plaintiff alleges that no dental work can be done without submitting to a Lidocaine Skin Test which causes him to experience adverse reactions. Plaintiff seeks monetary relief.

Defendants, through their respective counsel, have moved for summary judgment and have submitted supporting affidavits. Plaintiff was given notice of these motions and was given an opportunity to respond by submitting counter affidavits and other relevant evidence contradicting, explaining or voiding defendants' evidence. Plaintiff was further warned that failure to respond may, if appropriate, result in summary judgment being granted in favor of defendants. Plaintiff has responded. This action is ripe for consideration.

Upon review of the record, the court is of the opinion that plaintiff's claims under § 1983 fail as a matter of law. In order to maintain an action under § 1983, plaintiff must establish that he was denied rights guaranteed by the Constitution and laws of the United States, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), by a person acting under the color of state law. Both elements are jurisdictional prerequisites for maintaining an action under § 1983.

■ Plaintiff's claims raise the issue of violation of his right not to be subjected to cruel and unusual punishment regarding medical care and attention. To show violation of his Eighth Amendment rights, plaintiff must establish that defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The record, when viewed in a light more favorable to plaintiff, does present some issues of fact in dispute concerning plaintiff's sensitivity to certain drugs and the extent of his dental treatment. However, the record shows that plaintiff was examined by Dr. Shillinger and that she did investigate his alleged allergies to drugs and his dental history. Despite the unresolved questions, the court is of the opinion that plaintiff has failed to establish that defendant, Shillinger, was acting under the color of state law when she engaged in the alleged misconduct or indifference to his medical needs.

■ State action must be present and established in order to characterize defendant's actions as being taken under color of state law. *See Lugar v. Edmondson Oil, Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982). The party charged with the deprivation must be a state actor —i.e. a state official or one whose conduct is otherwise attributable to the state. *See Rendell–Baker v. Kohn*, 457 U.S. 830, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982), *and see Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). It is not disputed that Dr. Shillinger is employed by the state of Virginia on a full-time basis to render dental care to inmates at Staunton. However, she is not under the supervision or direction of any other person in the performance of her services, nor is her performance in any way based on standards set forth by the state. Dr. Shillinger exercises her own professional medical

judgment in attending to the inmates' dental needs.

The Fourth Circuit has set forth the law with respect to health care providers in actions brought under 42 U.S.C. § 1983. *Calvert v. Sharp,* 748 F.2d 861 (4th Cir. 1984). Although, the doctor in that case was employed on a part-time basis, the principle gleaned from that case clearly applies to the case *sub judice.* The Court in reaching its finding of an absence of state action, determined that the doctor had neither custodial nor supervisory duties in the Maryland prison system and that it was likely that his loyalty to his patients (inmates) may run adverse to the state's interest. That reasoning is likewise applicable to Dr. Shillinger's position in this case. The court finds that defendant Dr. Shillinger was not acting under color of state law in engaging in the treatment of the inmates' dental needs. Therefore, because the requisite element of state action has not been established, the claims brought against Dr. Shillinger fail to present a federal cause of action under § 1983. The court notes that this finding merely precludes plaintiff from prosecuting his claims in federal court. Plaintiff has adequate remedies under state tort law. See Va. Code § 8.01–195.1 *et seq.*

■ Plaintiff's action against defendant Huffman fails as a matter of law in light of the foregoing. The court finds no allegations of direct involvement by defendant Huffman in plaintiff's treatment. It is well recognized that liability may not be imposed upon a theory of *respondeat superior* for actions under § 1983. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977).

Accordingly, an Order shall be entered this day granting summary judgment in favor of defendants.