Bruce McKinnon **MEYERS**, Plaintiff,

v.

**DEPARTMENT OF HUMAN RESOURCES OF the STATE OF NORTH CAROLINA, et al, Defendants.**

No. 86–124–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

April 15, 1987.

David Voerman, New Bern, N.C., for plaintiff.

Ann Reed, Sp. Deputy Atty. Gen., John R. Corne, Asst. Atty. Gen., North Carolina Dept. of Justice, for defendants.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Plaintiff Bruce McKinnon Meyers is an employee of the State of North Carolina who brings this action pursuant to 42 U.S. C. §§ 1981 and 1983. Mr. Meyers also raises pendent claims under state law. He alleges that he was demoted from his state government job without due process. He seeks reinstatement with back pay as well as other damages and equitable relief. The defendants have moved for dismissal of the action pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), Fed.R.Civ.P. The court today finds that the plaintiff has received all of the process due to him and therefore grants dismissal as to all defendants.

Prior to October 19, 1983, the plaintiff worked for the Department of Human Resources as a supervisor in the Child Support Enforcement Office in New Bern. On that date, the plaintiff received notice of his dismissal. The notice of dismissal asserted some eleven different grounds for which the action was being taken. The grounds ranged from unauthorized intervention in personnel decisions to improper use of the office telephone. In accordance with the standard grievance procedure, Meyers appealed his dismissal to the Department of Human Resources, which granted his request for a hearing.

At the hearing, the plaintiff introduced evidence and spoke on his own behalf. He was allowed to cross-examine the witnesses against him, and he was permitted to call witnesses to testify for his side. He was also represented by counsel. The hearing officer determined that eight of the eleven reasons proffered by the Department for the plaintiff's dismissal were without merit. However, the officer found that the remaining three charges constituted "examples of poor performance or performance deficiencies." These three charges were as follows:

(1) That the plaintiff imprudently decided to leave a fellow employee, a Mr. Sadler, in charge of the New Bern office while plaintiff was on vacation. Mr. Sadler had been complained about by the NAACP, and it had been recommended that Mr. Sadler not continue to work in the New Bern area. The hearing officer determined that plaintiff's decision refected poor supervisory judgment.

(2) That plaintiff acted unsympathetically toward a distraught employee, putting his feet up on his desk and reading a file as the employee wept. The hearing officer felt this posture displayed lack of sympathy and a poor exercise of judgment.

(3) That plaintiff, after having been told by his supervisor not to take action to fill a vacancy in the office, sent letters to nineteen applicants without his supervisor's knowledge or approval.

The hearing officer concluded that these three transgressions did not warrant the plaintiff's dismissal. She recommended that the plaintiff be reinstated in a comparable position with back pay, that the letter of dismissal be removed from the plaintiff's file, and that management "take other ap-

propriate action" consistent with the hearing officer's report.

However, the Secretary of the Department of Human Resources did not adopt these recommendations in full. Although she concurred in rescinding Meyers' dismissal and removing the dismissal letter from his file, the Secretary concluded that Meyers' performance deficiencies had been so great that Meyers should not be restored to a comparable position. Instead, the Secretary ordered that Meyers be reinstated at a lower-level, non-supervisory job and that his back pay be awarded at his new, lower rate of compensation.

Plaintiff appealed this order to the State Personnel Commission, which upheld the Secretary's order. In affirming the Secretary's determination, the Commission relied exclusively on the second of the three incidents above. It held that the other two incidents failed to establish just cause for disciplining the plaintiff. The Commission further noted that these two incidents were instances of questionable job performance and that where job performance is concerned, the state is required to implement a progressive warning system before the offending employee can be disciplined. In the case of the plaintiff, no such system was used. In contrast, the Committee noted that, where the questionable behavior is a matter of personal conduct, no warning prior to disciplinary action is required.

The Committee viewed plaintiff's attitude toward a distraught employee as resting "on the borderline" between job performance and personal conduct. Invoking its longstanding policy of allowing management to dispense with warnings in such borderline cases, the Committee found that plaintiff's conduct, taken in conjunction with past indiscretions, justified management's decision to demote the plaintiff, even though warning procedures were not strictly observed.

Meyers now brings this suit, in which he has named the following defendants: the State of North Carolina; the North Carolina Department of Human Resources; Phillip J. Kirk, Jr., the Secretary of the Department of Human Resources; James Martin, the Governor of North Carolina; Lillian Gaskill, Assistant Director for Regional Administration for the North Carolina Department of Human Resources; and Bill Fagundus, the plaintiff's former supervisor.

■ With respect to the defendant State of North Carolina, this court finds that the suit is barred by the Supreme Court's interpretation of the Eleventh Amendment in *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It therefore dismisses the action with respect to the State pursuant to Rule 12(b)(1), Fed.R.Civ.P. The court further finds that the North Carolina Department of Human Resources is an agency of the State and, under *Pennhurst,* is subject to a § 1983 claim only if it consents to be sued. There having been no consent to suit in this case, dismissal with respect to this defendant is also appropriate.

■ The claim against Governor Martin states no facts to suggest that the Governor was personally involved in the disciplinary treatment of the plaintiff. Apparently, the plaintiff's only theory of recovery against the Governor arises from notions of *respondeat superior.* Such a theory provides no basis for recovery of damages under § 1983. *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977). Accordingly, the § 1983 claim for damages against Governor Martin is dismissed for failure to state a claim.

■ The liability of the remaining defendants hinges on whether the procedures leading to the plaintiff's demotion failed to constitute due process of law. It is conceded by the defendants that the plaintiff had a constitutionally protected property interest in his job. However, it is readily apparent that the Due Process Clause does not guarantee a state employee the right to his job under all circumstances. Rather, the employee's right is only to require that certain procedural safeguards be observed before he can be dismissed or demoted. The procedural safeguards which constitute the property right are not created by

the Constitution. Rather, if they exist at all, they derive from an independent source. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). In this case, that independent source is provided by N.C.G.S. § 126-35, as well as the rules and regulations of the State Personnel Commission and North Carolina Department of Human Resources. There is no doubt that N.C.G.S. § 126-35 creates a right to due process. *Faulkner v. North Carolina Department of Corrections*, 428 F.Supp. 100 (W.D.N.C.1977). The question, then, is whether Mr. Meyers was afforded the process due him. The court finds that he has been afforded process sufficient to satisfy his constitutional right.

The record reveals that Mr. Meyers has received process more than sufficient to satisfy the requirements of the statute and regulations on which he relies. N.C.G.S. § 126-35 states that no permanent employee subject to the State Personnel Act shall be reduced in pay or position, except for just cause. The statute further provides that an employee who is subject to disciplinary action shall be furnished in advance with a written statement of the reasons for the action and shall be accorded fifteen days to appeal the action to the head of the department. The record clearly refects that Mr. Meyers received proper notice that he was about to be dismissed and was allowed timely to avail himself of the agency's grievance procedures. Throughout his appeal, Mr. Meyers received all of the procedural protections mandated by statute and agency regulations and, indeed, enjoyed some procedural benefits not mandated by those sources of authority.

Mr. Meyers claims that, because the Secretary's letter which demoted him did not state the specific reasons for the demotion and did not include a statement of his appeal rights, the Secretary's action denied him due process. These arguments are specious. Because the Secretary's letter was based on the written record developed in the plaintiff's hearing, it is obvious that the reasons for the Secretary's decision derived from the evidence presented at that hearing. Whatever the precise grounds for the Secretary's decision, those grounds could not have differed from the reasons originally given for the plaintiff's proposed dismissal. Since the plaintiff had a hearing consistent with due process with respect to all of these grounds, the Secretary's failure to state which of these grounds she relied upon was at worst harmless error. Plaintiff's claim that the Secretary's letter did not advise him of his right to appeal is factually incorrect. The Secretary's letter told the plaintiff that he had the right to appeal. The Secretary even enclosed a copy of the rules governing the appellate procedure. Thus the form of the Secretary's letter contains no denial of due process.

Plaintiff urges that, because the Secretary's decision to demote him ignored the recommendation of the hearing officer, he was denied due process. The court does not agree. The conclusions of the hearing officer were recommendations only; they had no binding force on the Secretary. The Secretary's decision not to follow the hearing officer's suggestion did not violate due process.

Plaintiff further contends that he was denied due process because the defendants failed to observe a three-step warning procedure before demoting him. There is nothing to indicate that plaintiff was entitled to this procedure. The three-step procedure is required only when the employee is being disciplined for doing his job poorly. It is not mandated where the complained-of activity involves personal demeanor and conduct. The plaintiff's indifference to a distraught employee was arguably a matter of both job performance and personal conduct. As the Commission decided that the incident was a matter of personal conduct, the three-step procedure was not necessary.

The Commission did not abuse its discretion in deciding to treat the incident as a matter of personal conduct, and the court declines to second-guess that decision.

Finally, it is not the function of this court to decide whether the Commission acted correctly when it decided to demote the

plaintiff. This circuit has repeatedly reiterated the position that "the federal court is not appropriate forum in which to review the multitude of personnel decisions that are made by public agencies.... In the absence of any claim that the public employer was motivated by a desire to curtail or to penalize the exercise of an employee's constitutionally protected rights, we must presume that official action was regular and, if erroneous, can best be corrected in other ways. The Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Bishop v. Wood,* 426 U.S. 341, 349–350, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684 (1976), quoted in *Clark v. Whiting,* 607 F.2d 634, 639 (4th Cir.1979) and *Kalme v. West Virginia Board of Regents,* 539 F.2d 1346, 1349 (4th Cir.1976). This court is especially mindful of the words of *Detweiler v. Commonwealth of Virginia Department of Rehabilitative Services,* 705 F.2d 557, 561 (4th Cir.1983):

> While an employee ... who has a property interest in his position may bring an action complaining of a lack of procedural due process, the Supreme Court has not ruled that judicial review of the substantive decision of hearing officials is required by the due process clause. On the contrary, its decisions imply that an administrative hearing is sufficient.

The court finds that the plaintiff has alleged no deprivation of right sufficient to raise a claim under the Due Process Clause of the Fourteenth Amendment. The issues raised by plaintiff, while they may or may not be grounds for relief from a state tribunal, do not rise to a constitutional dimension.

For the reasons stated above, the court orders that the motion of defendants to dismiss be GRANTED. The action is DISMISSED in its entirety.

SO ORDERED.