833 F.2d 1006
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stephen WARD, Plaintiff-Appellant,
v.
Ernest R. SUTTON; Kay Oak, Defendants-Appellees.
 No. 87-7319.
 United States Court of Appeals, Fourth Circuit.
 Nov. 25, 1987.
 
 Before ERVIN, WILKINSON, and WILKINS, Circuit Judges.
 Stephen Ward, appellant pro se.
 Lucien Capone, III, Office of the Attorney General, for appellees.
 PER CURIAM:
 
 
 1
 Stephen Ward, a North Carolina inmate, brought this action pursuant to 42 U.S.C. Sec. 1983. Ward injured his back when he slipped and fell on a wet floor while working in the prison kitchen. He alleges that this accident was caused by prison superintendent Ernest R. Sutton's failure to maintain safe working conditions in the kitchen. Ward also alleges that Kay Oak, a nurse at the prison, repeatedly refused to provide him with treatment or medication for his injuries. Ward contends that the actions of Sutton and Oak violated his Eighth Amendment rights against cruel and unusual punishment and seeks damages totalling $750,000. The district court granted Sutton's motion to dismiss and also granted summary judgment in favor of Oak. We affirm.
 
 
 2
 We agree with the district court that Ward fails to state a claim in regard to Sutton. Sutton, as head of the prison, was not personally involved in the day to day operation of the kitchen except in a purely supervisory capacity. He had no hand in creating the allegedly unsafe conditions which Ward claims caused his accident. In the absence of personal involvement in the wrong complained of, no action lies under Sec. 1983. Rizzo v. Goode, 423 U.S. 362 (1976); Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). Thus, the district court correctly dismissed the suit against Sutton for failure to state a claim. Fed.R.Civ.P. 12(b)(6).
 
 
 3
 The district court also granted Oak's motion for summary judgment on the ground that, as a professional nurse exercising independent judgment, she did not act under color of state law in treating Ward. The court reached this conclusion based on two decisions of this Court: Calvert v. Sharp, 748 F.2d 861 (4th Cir.1984), cert. denied, 471 U.S. 1132 (1985), and West v. Atkins, 815 F.2d 993 (4th Cir.1987) (en banc). Those cases, however, considered only whether physicians acted under color of state law in treating prison inmates. Whether the rule set down in Calvert and West applies to other medical professionals working behind prison walls has yet to be decided definitively. However, we need not reach this question in this case because it can be disposed of on other grounds.
 
 
 4
 In order to state a Sec. 1983 claim based on inadequate medical treatment, the inmate must show the defendant demonstrated deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97 (1976). This, Ward has failed to do.
 
 
 5
 Prison records show that nurse Oak saw Ward on numerous occasions and provided him with all prescribed medication. Beyond the allegations made in his complaint, Ward offers evidence of only one occasion where Oak refused to see him regarding his back injury. Failure to see an inmate on one occasion does not amount to "deliberate indifference" within the meaning of Estelle. Moreover, Ward has also failed to demonstrate that his medical need was "serious." At worst, the record indicates he suffered a badly bruised back. There is nothing to indicate that a potentially dangerous or debilitating medical condition was ignored by nurse Oak. Undoubtedly Ward felt that his injury was not getting the attention it deserved. However, disagreements with medical personnel as to the course of treatment do not state a claim under Sec. 1983. Estelle, 429 U.S. at 107. Therefore we believe summary judgment was properly granted because Ward did not demonstrate there was deliberate indifference to a serious medical need.
 
 
 6
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 7
 AFFIRMED.