## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Alfred Avins et al.

v.

Virginia Council of Higher Education et al.

February 26, 1988

Case No. (Chancery) 18065

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendants' Demurrers to the four count "Petition of Complaint."

The cause of action alleged against the Attorney General of Virginia (Terry) and the Virginia Council of Higher Education (Council) arises out of action taken by the Council when it "declined to renew the license of the Northern Virginia Law School" (para. 7, Petition). Further, the Petition alleges that Terry threatened criminal prosecution if Complainant Avins offered a course in "conservative law" for credit (para. 8, Petition).

From these actions comes a "Petition of Complaint" alleging that the actions of Defendants were unconstitutional and requesting an injunction and damages under Title 42, U.S.C. § 1983; that the actions of the Council constitute an unreasonable restraint of trade in violation of certain anti-trust statutes (Title 15, U.S.C. §§ 1-3); that the actions of the Council were contrary to the Virginia statutes setting standards for institutional

operation (Code of Virginia, § 23-268 et seq.); and appealing the actions of the Council.

Defendant Terry, named only in Count One, demurs on the grounds that the Petition fails to allege her personal involvement in the claimed violation of Title 42, U.S.C. § 1983. The Demurrer must be sustained.

The only allegations of her personal involvement are found in paragraphs 5 and 9 of the Petition. Terry is alleged to be "a liberal Democrat" and to have acted through an Assistant Attorney General to enforce the mandates of the defendant council. Further, it is alleged that, acting on behalf of the Council, she "forbade Plaintiffs from offering said course [Conservative Law] and threatened them with criminal prosecution . . . ." Such allegations are insufficient as a matter of law to impose personal liability on Defendant Terry. It is clear that the doctrine of *respondeat superior* does not apply to actions under Section 1983 and no facts of Terry's personal involvement are alleged. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977). Since no other facts as to Terry's involvement can be alleged, the Complaint will be dismissed as to her and Plaintiff's objections to this ruling will be noted.

The Demurrers of Defendant Council to Counts One, Two and Three will be sustained for the following reasons.

Count One alleges a violation of Title 42, U.S.C. Sect. 1983 by the Council. The Council is not a person within the meaning of § 1983 and, despite Plaintiffs' arguments to the contrary, the individual members of the Council are not named as Defendants in this cause. Further, there are no facts alleged from which the Court could find or even reasonably infer that a violation of Plaintiffs' constitutional rights has occurred. With respect to the failure to renew the provisional license of the school, no allegation is made that the Council nor any member acted illegally, unlawfully or unconstitutionally in arriving at the decision not to renew. With respect to the allegations concerning the conservative law course, no allegation is made that the Council acted beyond the scope of its duties. In fact, the letter of the Assistant Attorney General of May 7, 1987, does not prohibit Avins from offering the course but does prohibit him from offering the course for credit either at the

Northern Virginia Law School or for transfer to other schools. From this, there is no violation of Avins's First Amendment rights. *See, Shelton College v. State Board of Education*, 226 A.2d 612 (N.J. 1967).

Count Two alleges that the actions of the Council constitute violations of the anti-trust laws found in Title 15, U.S.C. §§ 1-3 in that they prohibit the transfer of credits from the Plaintiff school to others. Plaintiff alleges that the rules of the American Bar Association (ABA), the basis for the refusal to accept transfer credits, constitute a violation of the anti-trust laws as well as violations of Plaintiffs' First Amendment rights. Council demurs to Count Two, relying on immunity from anti-trust actions under the "State Action Doctrine" as set down in *Parker v. Brown*, 317 U.S. 350 (1942). Plaintiffs argue that under *Goldfarb v. Virginia State Bar*, 421 U.S. 773 (1975), they are entitled to a trial on the merits of Count Two.

However, nothing could more clearly be state action than the education of a state's citizen. Even without the clearly enunciated state policy as set forth in Code of Virginia, §§ 23-265 et seq., there could be no doubt that education, even higher education, and its regulation is a matter of direct state action by the legislature. Therefore, the demurrer to Count Two will be sustained and that Count dismissed. The objections of the Plaintiffs are noted.

Count Three alleges that the Council's actions were "contrary to Virginia Statute" in that there was no demonstration that Plaintiffs' school was "no longer meeting minimum state standards for institutional operation (para. 23, Petition) and that under Virginia's statutory scheme, the Council could not require "progress toward accreditation as a condition of retaining its license (para. 24, Petition). Also it is alleged that the statutory scheme is unconstitutional for its failure to afford "an expeditious determination of whether a school meets standards for licensure (sic)" (para. 25, Petition).

Plaintiff argues that under Code of Virginia, § 23-269, the Council could not grant a provisional approval and impose both a time limit and conditions of its being granted. Plaintiff relies on the wording of the statute which states in pertinent part:

> [T]he Council may establish the term or period of time for which such approval is granted *or* may specify certain conditions under which it is granted. Va. Code Ann. § 23-269(B). (Emphasis added).

Therefore, Plaintiff concludes that the Council could not impose as a condition the making of satisfactory progress toward accreditation and set a time limit for the expiration of the provisional approval.

Further, Plaintiff argues that the only condition that can lawfully be imposed is the meeting of "minimum standards" as set forth in Section 23-268 of the Code which reads in pertinent part:

> The Regulations [adopted by the Council]. . . shall contain standards designed (1) to insure that all institutions of higher education which are subject to the provisions of this chapter meet minimum academic standards . . . .

In April of 1982, according to the record of this case, Plaintiff school was granted approval to confer the Juris Doctor degree provided that it seek accreditation as set forth in the statute (§ 23-269) from the ABA or other approved accrediting body. Further, Council conditioned any extension of the time of the provisional approval only upon a showing that the school had "reasonable prospects of gaining full accreditation during the period covered by such extensions." (*See*, letter of Council, April 8, 1982). Thus, the Council did not impose conditions under which approval was granted but set conditions under which the time could be extended, i.e., the making of satisfactory progress toward accreditation. (*See*, letters of Council, April 5, 1984; May 2, 1985). The condition that the institution receive accreditation by the ABA or other approved body is statutory and was not imposed by the Council. It is imposed by law. The school would have had to seek this accreditation even if the Council did not specify it in its approval. Clearly under the statutory scheme and the regulations of the Council, it could impose conditions for extending the time of

its provisional approval, and there is nothing inappropriate in requiring satisfactory progress toward statutorily-mandated accreditation. Further, it should be noted that there is no allegation that the limitation Plaintiffs argue exists in the statute was ever called to the attention of Council; that is, no objection was ever made to the Council that it could not impose such conditions.

Plaintiffs' reading of Section 23-270 hardly makes sense. Under its reading of the statute, the Council could have only fixed the time for which provisional approval was granted and not extended it. At the conclusion of that time, if the institution had not obtained the requisite accreditation, the provisional approval would expire. Plaintiff, having availed itself of the extensions of time because of its assertion that it was making progress, is hardly in a position to complain that the Council exceeded its authority.

Plaintiffs' argument that minimum academic standards require something less than the Council mandates must likewise fail. The Regulations adopted by the Council pursuant to the legislative direction (§ 23-268) clearly set forth "minimum academic standards" to be maintained for provisional approval. *See, Regulations Governing Approval of Certain Institutions to Confer Degrees, Diplomas and Certificates, July 1, 1980, Standards for Institutional Approval.*

The Demurrer to Count Three must be sustained and this Count dismissed. The objections of Plaintiffs should be noted.

Count Four presents an appeal of Council's actions under Section 9-6.14:16 of the Code of Virginia and, hence, is not subject to Demurrer. Defendant Council has filed what it considers to be the administrative record in this matter pursuant to Section 9-6.14:17, and Plaintiffs have objected to its lack of completeness. If counsel cannot agree on the contents of the record, the statute permits the supplementation of the record and, if necessary, a hearing can be held on those items to which objections are made.