856 F.2d 186
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David FELTON, Plaintiff-Appellant,
v.
Nathan B. RICE, R.B. Seymour, Gene Cousins, Defendants-Appellees.
 No. 88-7535.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 19, 1988.
Decided Aug. 22, 1988.
 
 David Felton, appellant pro se.
 Sylvia Hargett Thibaut, Assistant Attorney General, Office of Attorney General of North Carolina, for appellees.
 Before CHAPMAN, WILKINSON, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Felton, a North Carolina prisoner, brought suit under 42 U.S.C. Sec. 1983 against Nathan B. Rice, Warden of Central Prison in Raleigh, North Carolina; R.B. Seymour, Chairman of the Institutional Classification Committee at Central Prison; and Gene Cousins, Specialized Institutions Command Manager, alleging that they violated his constitutional rights. Specifically, Felton alleged that after he was placed on maximum custody status in July of 1986, he was supposed to be reviewed for classification purposes in January of 1987 and was not reviewed until March of 1987 in violation of his due process rights. The district court granted defendants' motion for summary judgment and dismissed plaintiff's claim. For the reasons stated below, we affirm.
 
 
 2
 The district court found that Felton's claim against Rice was based solely upon the doctrine of respondeat superior, which does not apply to suits arising under Sec. 1983. Monell v. New York City Department of Social Servs., 436 U.S. 658, 694 (1978). We agree with the district court that because Felton failed to allege any connection between Rice and a denial of Felton's constitutional rights, his claim against Rice should be dismissed. See Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977).
 
 
 3
 As against the other two defendants, the district court found that Felton failed to state a constitutional claim because plaintiff did not have a liberty interest in a timely custody classification review. We intimate no view as to whether the prison regulation created a liberty interest in a timely classification review. However, we do find that plaintiff fails to allege a Sec. 1983 claim against the remaining two defendants. Felton did not show that the two-month delay in providing the hearing was arbitrary or that the delay was attributable to other than negligence. As such, he stated no claim for relief under Sec. 1983. Davidson v. Cannon, 474 U.S. 344 (1986) (the negligent acts of prison officials do not trigger the protections of the due process clause).
 
 
 4
 Accordingly, we affirm the district court's denial of relief under 42 U.S.C. Sec. 1983. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.