865 F.2d 1261
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harvey C. WALL, Plaintiff-Appellant,
v.
WAKE COUNTY JAIL; Nathan Rice, Warden; John Baker,
Sheriff, Defendants-Appellees.
In re Harvey C. WALL, Petitioner.
 Nos. 88-6753, 88-8032.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 21, 1988.
Decided: Jan. 6, 1989.
 
 On Application for Leave to Proceed In Forma Pauperis on a Petition for Review of a Writ of Mandamus. (John D. Larkins, Jr., Senior District Judge. (C/A No. 87-762-CRT)
 Harvey C. Wall, appellant pro se.
 William E. Moore, Jr. (Womble, Carlyle, Sandridge & Rice); Sylvia Hargett Thibaut (Office of the Attorney General), for appellees.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harvey Wall, a North Carolina inmate, appeals an order of the district dismissing his 42 U.S.C. Sec. 1983 claims against the Wake County (N.C.) Jail, the North Carolina Department of Corrections, Sheriff Baker (of Wake County), and Superintendent Rice (warden of the Central Prison) [case No. 88-6753]. Wall's claims concerned allegations of indifference to his medical needs and denial of access to legal materials. Wall also has filed a petition for a writ of mandamus in this Court relating to his direct appeal in the above case [case No. 88-8032]. We find no merit in either the appeal or the mandamus petition.
 
 
 2
 We hold, as did the district court, that Wall only alleged facts suggesting liability for Rice and Baker under a theory of respondeat superior. Of course, respondeat superior is no basis for liability under Sec. 1983. See Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). Moreover, Wall has not alleged facts raising a claim of supervisory liability for Rice or Baker under Slakan v. Porter, 737 F.2d 368 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985).
 
 
 3
 Likewise, the claims against Wake County Jail and the Department of Corrections were properly dismissed. Wall has only alleged respondeat superior liability for Wake County Jail, which is insufficient under Sec. 1983. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Furthermore, the Department of Corrections is immune from suit. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984).
 
 
 4
 We also deny Wall's petition for a writ of mandamus. We consider the matters raised to be duplicative of the issues encompassed in Wall's direct appeal. We reject Wall's attempt to circumvent the normal process of appellate review, see In re United States Steelworkers, 595 F.2d 958, 960 (4th Cir.1979), and hold that Wall has an adequate remedy at law through his direct appeal. See In re Beard, 811 F.2d 818, 826 (4th Cir.1987).
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the record before this Court and oral argument would not aid the decisional process. Leave to proceed in forma pauperis is granted in No. 88-8032.
 
 
 6
 Case No. 88-6753 AFFIRMED.
 
 
 7
 Case No. 88-8032 DISMISSED.