898 F.2d 145
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven Bill JAMES, Plaintiff-Appellant,
v.
Detective O'MALLY, Defendant-Appellee.
 No. 89-6656.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1989.
Decided: Feb. 27, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (C/A No. 87-890-CRT)
 Steven Bill James, appellant pro se.
 William Everett Moore, Jr., Womble, Carlyle, Sandridge & Rice, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Steven Bill James claimed in this 42 U.S.C. Sec. 1983 action that Onslow County Sheriff's Department Detective James B. O'Mally ground a burning cigarette into James's face when James was apprehended and arrested on March 7, 1986. James further maintained that he was not given medical attention for the burn. Following the presentation of James's evidence at trial, the district judge granted O'Mally's motion for a directed verdict. We affirm.
 
 
 2
 James's first witness, his cohort Simmons, did not identify O'Mally as having been present. Simmons only referred to "the officer" and stated that he did not see the incident. Rather, Simmons looked over only when James yelled. James's other witness, his sister, testified that no one gave her brother the medical attention needed for the burn. She did not identify O'Mally as being involved in the purported denial of medical care. James did not testify.
 
 
 3
 "Whether a motion for a directed verdict should have been granted is a question of law requiring de novo review." Gairola v. Virginia Dep't of Gen. Serv., 753 F.2d 1281, 1285 (4th Cir.1985). A directed verdict will be upheld if there is but one verdict the jury could have reached. Evidence may not be weighed, and credibility determinations may not be made. Id.
 
 
 4
 In this case, the directed verdict was proper because James simply presented no evidence that O'Mally was present when James was hurt or that he was involved in the alleged denial of medical care to James. Failure to show any personal involvement by defendant is fatal to a Sec. 1983 action. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977).
 
 
 5
 As the record and other materials before us indicate that it would not significantly aid the decisional process, we dispense with oral argument. The motion to add a party defendant is denied. The judgment is affirmed.
 
 
 6
 AFFIRMED.