924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul KING, Plaintiff-Appellant,
v.
E.C. THOMPSON, John Doe, Employee, Mecklenburg Correctional
Center, John Doe, II, Employee, Mecklenburg
Correctional Center, Defendants-Appellees.
 No. 90-6424.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 19, 1990.
Decided Feb. 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-89-270-A)
 Paul King, appellant pro se.
 Richard Francis Gorman, III, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Paul King appeals from the district court's order directing a verdict in his 42 U.S.C. Sec. 1983 action. King claimed that he was injured because correctional officers delayed in quelling a fight that broke out among seven inmates on a recreation yard at the Mecklenburg Correctional Center. King listed as defendants E.C. Thompson, the warden of Mecklenburg, and two unidentified John Doe defendants.
 
 
 2
 King first claimed that he should not have been grouped with inmates whose health status was better than his own because he would not be able to defend himself from attack. We affirm the dismissal of this claim on the reasoning of the district court. King v. Thompson, CA-89-270-A (E.D.Va. Sept. 5, 1990). King's second claim was that he was injured as a result of an intentional delay by guards in breaking up the fight. It is clear from the record that the alleged delay cannot be attributed to the warden under a respondeat superior theory. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). The alleged delay cannot be attributed to a failure to train or a general policy fostering delay in responding to emergency situations. See City of Canton v. Harris, 489 U.S. 378 (1989); Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir.1982). Thus, because King cannot prevail against his named defendant, we affirm the district court's dismissal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 3
 AFFIRMED.