932 F.2d 964
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Duke WOODLEY, a/k/a Lawrence Topal, Plaintiff-Appellant,
v.
CITY OF RICHMOND, City Jail, Virginia Department of
Corrections, Defendants-Appellees.
 No. 90-6399.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 16, 1990.
Decided May 15, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-90-296)
 Duke Woodley, appellant pro se.
 William Joe Hoppe, Senior Assistant City Attorney, Sarah Jane Chittom, Shuford, Rubin, Gibney & Dunn, Mark Ralph Davis, Office of the Attorney General of Virginia, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Duke Woodley, a/k/a Lawrence Topal, a Virginia prisoner, brought this 42 U.S.C. Sec. 1983 action alleging that the Virginia Department of Corrections, the Richmond City Jail, and the City of Richmond failed to protect him from an attack by another inmate. Woodley was in a stairwell of building F-1 of the Richmond City Jail on August 19, 1988, when the inmate beat him. He alleged that the failure of the sheriff to ensure that there were guards in all areas of the prison amounted to a failure to protect him; he further alleged that the named defendants should be liable for the sheriff's alleged negligence.
 
 
 2
 The magistrate judge dismissed the action.[1] He held that the Department of Corrections, as a subdivision of the state, was not a person for Sec. 1983 purposes. Will v. Michigan Dep't of State Police, 57 U.S.L.W. 4677 (U.S. June 15, 1989) (No. 87-1207). The magistrate judge further held that the city was not responsible for the actions of the sheriff, who holds his position by virtue of Article 7, Section 4 of the Virginia Constitution, and therefore the city jail, for which the sheriff was responsible, was not liable. Finally, he held that Woodley's allegations did not amount to a claim that there was a policy or custom of failing to protect inmates, so the jail could not be held liable for any of its employees' deficiencies. Monell v. Department of Social Services, 436 U.S. 658, 690 (1978). Woodley appealed.
 
 
 3
 The magistrate judge was correct in holding that the state department of corrections could not be liable because it was not a person for Sec. 1983 purposes. Will v. Michigan Dep't of State Police, 57 U.S.L.W. 4677 (U.S. June 15, 1989) (No. 87-1207); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984).
 
 
 4
 Further, neither the city nor the jail could be liable on respondeat superior for the acts of individual employees. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). To the extent that Woodley alleged a policy or practice of failing to protect inmates, his allegation was purely conclusory and could not state a basis for a claim under Sec. 1983. Revene v. Charles County Comm'rs, 882 F.2d 870, 875 (4th Cir.1989). Therefore, the claims against the city and the jail were properly dismissed.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 The parties consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. Sec. 636(c)