17 F.3d 1434
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Maverick TAYLOR, Plaintiff-Appellant,
v.
William CURRY, Sergeant; John Doe, an unknown officer now
known as James Jack Smith of the City of
Fayetteville Police Department,
Defendants-Appellees.
 No. 93-6891.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 20, 1994.
Decided Feb. 9, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CA-90-930)
 Maverick Taylor, appellant pro se.
 Steven Paul McGowan, Steptoe & Johnson, Charleston, W VA, for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Maverick Taylor appeals from the district court's denial of relief on his 42 U.S.C.1983 (1988) Complaint and Amended Complaint. Taylor sought damages from the City of Fayetteville, West Virginia, Police Sergeant William Curry, and an unnamed police officer, for physical injuries sustained while in police custody after his arrest for public intoxication. By an Amended Complaint filed approximately three years after the incident, Taylor identified Police Officer James Smith as the unnamed Defendant.
 
 
 2
 The district court dismissed the City after noting that respondeat superior was not applicable to this civil action. Defendant Smith was dismissed on the recommendation of the Magistrate Judge,[1] because he was only added after the statute of limitations had expired, and there was no evidence that he had timely notice of the institution of this action as required for relation back under Fed.R.Civ.P. 15(c)(3). The remaining claim against Defendant Curry was submitted to the jury; the jury returned a verdict for Curry after concluding that Curry was not present when Taylor sustained his injuries. Final judgment for the Defendants was entered in July 1993. This timely appeal followed.
 
 
 3
 Having reviewed the entire record, we affirm the district court's decisions.[2] As noted in Monell v. Department of Social Servs., 436 U.S. 658 (1978), and our decision in Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977), the doctrine of respondeat superior is inapplicable to section 1983 actions. Hence, the City was appropriately dismissed. By failing to file objections to the Magistrate Judge's Report and Recommendation recommending dismissal of Defendant Smith, Taylor waived appellate review of the substance of that recommendation. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985). Our review of the jury's verdict for Defendant Curry is extremely limited by the Seventh Amendment. If the jury's verdict is reasonable in light of the evidence presented, it must be affirmed. Duke v. Uniroyal Inc., 928 F.2d 1413, 1417 (4th Cir.), cert. denied, 60 U.S.L.W. 3359 (U.S.1991). Given the evidence of record, we find the jury's verdict to be reasonable.
 
 
 4
 Accordingly, we affirm the district court's decisions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Taylor was notified of the need to file objections to the Magistrate Judge's Report and Recommendation, but failed to do so
 
 
 [2]
 We grant Curry's pending Motion for Affirmance of the District Court Judgment