30 F.3d 130
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Billy R. MILLER, Plaintiff-Appellant,
v.
PULASKI COUNTY SHERIFF'S DEPARTMENT; Ralph Dobbins; Dixon
Williams, Dr., Defendants-Appellees.
 No. 93-7306.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1994.
Decided July 20, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Chief District Judge. (CA-93-386-R)
 Billy R. Miller, appellant pro se.
 William Fain Rutherford, Jr., Paul Christopher Kuhnel, Elizabeth Kay Dillon, Woods, Rogers & Hazlegrove, Roanoke, VA, for appellees.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before HALL and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Billy R. Miller, a West Virginia prisoner, filed a civil action pursuant to 42 U.S.C. Sec. 1983 (1988), naming as Defendants Ralph Dobbins, Sheriff of Pulaski County, and the Pulaski County Sheriff's Department. Miller filed a second complaint against Dr. Dixon Williams alleging the same facts as in his originalSec. 1983 complaint. The second complaint was inadvertently filed in the action based on the first complaint. The district court granted the Defendants' Fed.R.Civ.P.12(b)(6) motion on the first complaint and dismissed the second complaint against Dr. Williams pursuant to 28 U.S.C. Sec. 1915(d) (1988). Miller timely appeals.
 
 
 2
 With regard to Miller's appeal of the Sec. 1915(d) dismissal, our review of the record and the district court's opinion discloses that his appeal is without merit. Accordingly, we affirm theSec. 1915(d) dismissal on the reasoning of the district court. Miller v. Pulaski County Sheriff's Dep't, No. CA-93-386-R (W.D.Va. Nov. 1, 1993). Although we find that the district court correctly analyzed the liability of the named Defendants in the first complaint, we find that the court improperly failed to consider whether Miller stated a claim against unnamed jail officers. Therefore, we vacate and remand that portion of the district court's order.
 
 
 3
 Dismissal under Fed.R.Civ.P.12(b)(6) is properly granted where, assuming the facts in the complaint are true, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). This Court reviews a Rule 12(b)(6) dismissal de novo. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989).
 
 
 4
 We find that the district court was correct in determining that because Miller had alleged no facts to suggest that the named Defendants had a sufficient connection with the alleged constitutional violations, Miller's claim against the Defendants was based on the doctrine of respondeat superior which is inapplicable toSec. 1983 actions. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir.1977). However, we find that the district court should have considered whether Miller stated a claim against other jail officers.
 
 
 5
 Pro se complaints are held to less stringent standards than those drafted by attorneys. Although the district court need not act as an advocate for a pro se litigant, where a pro se litigant alleges a cause of action which may be meritorious against persons not named in the complaint, "the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir.), cert. denied, 439 U.S. 970 (1978).
 
 
 6
 To establish a cognizable Eighth Amendment claim concerning the denial of medical care, Miller must demonstrate that the defendants exhibited deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir.1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or which would be apparent to a reasonable person in his position. Id. at 851-52. Finally, a medical need is serious if it is " 'one that ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980) (quoting Laaman v. Helgemoe, 437 F.Supp. 269, 311 (D.N.H.1977)), cert. denied, 450 U.S. 1041 (1981).
 
 
 7
 Here, Miller alleged that he was denied adequate medical care after a fight with another inmate in which he sustained shoulder and ankle injuries. A jail officer took Miller to the community hospital for X-rays. While the doctor examined him and diagnosed a bruised shoulder, Miller overheard a nurse tell the jail officer that Miller had a broken collarbone. Miller suggests that the officer transported him back to the jail without treatment because he thought Miller might escape.
 
 
 8
 A few days after the officer returned Miller to the jail, Miller noticed a bone protruding from his shoulder and advised jail guards that he needed to see a doctor because he was in pain, confined to his bed, and unable to sleep. Because of his condition, other inmates brought Miller his food trays. The guards told Miller to wait five days until the jail doctor visited the jail. Miller was not examined by any medical personnel during the five days before he saw the jail doctor. When the jail doctor saw Miller, he told Miller that he had a separated shoulder.
 
 
 9
 Taking the alleged facts as true, Miller could allege facts sufficient to assert deliberate indifference against one or more of the jail officers whom the nurse told of a broken collarbone or to whom he reported the protruding bone, the resulting pain, and inability to sleep. See Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir.) (holding that unexplained delay of hours in providing care for serious and painful broken foot was sufficient to state constitutional claim), cert. denied, 496 U.S. 928 (1990); Loe v. Armistead, 582 F.2d 1291 (4th Cir.1978) (holding that prisoner stated Sec. 1983 claim when he alleged that, with deliberate indifference, defendants failed to have broken arm examined by a doctor until eleven hours after injury and failed to have arm X-rayed until twenty-two hours after injury), cert. denied, 446 U.S. 928 (1980). Pursuant to Gordon v. Leeke, the district court should have advised or directed Miller to amend his complaint to name as defendants the jail officers whom Miller alleged were aware of his injury and declined promptly to provide medical attention.
 
 
 10
 Accordingly, we vacate the order granting the Defendants' motion to dismiss the first complaint and remand the case to the district court with directions to allow Miller to amend his complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART