**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHRISTINE AYLOR,
Plaintiff-Appellant,

v.

No. 96-1438

TOWN OF CULPEPER; JERRY W. DAVIS,
Town Manager; C. B. JONES, Chief
of Police; H. P. PUGH,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
B. Waugh Crigler, Magistrate Judge.
(CA-95-65-3-C)

Submitted: October 29, 1996

Decided: November 20, 1996

Before HAMILTON, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert P. Dwoskin, Charlottesville, Virginia, for Appellant. C. Lamar
Garren, MARTIN & RAYNOR, P.C., Charlottesville, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christine Aylor appeals the district court's dismissal of her 42 U.S.C. § 1983 (1994) action. Finding no error, we affirm.

On May 1, 1994, Culpeper police officer H. P. Pugh responded to a report at the Culpeper Holiday Inn to "go to Room 230, a woman is in real trouble." Apparently, Aylor's boyfriend had found her in the room with another man. Pugh found Aylor crying and her boyfriend standing next to her. Aylor told him to leave because she was all right and the matter was personal.

Subsequently, Pugh wrote an incident report, noting that "[a]lthough reports of this nature are not usually taken," he took a report because of Aylor's position as a Magistrate Judge for the Six-teenth Judicial Circuit of the Commonwealth of Virginia. Culpeper Police Chief C.B. Jones approved the report and sent a copy to the Chief Magistrate Judge for the jurisdiction, who ultimately dismissed Aylor.

Other than Pugh and Jones, Aylor also named as defendants the Town of Culpeper and its manager, Jerry W. Davis. Aylor sued each under § 1983, claiming deprivation of privacy and employment, and defamation.

We review dismissals under Fed. R. Civ. P. 12(b)(6) de novo. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992). First, the district court properly dismissed the claims against the Town of Culpeper because Aylor failed to allege or offer any facts that the alleged acts occurred as a result of a town policy or custom. See Monell v. Department of Social Servs., 436 U.S. 658 (1978). Second, the district court properly dismissed the claims against Davis because Aylor conceded he was not"directly involved

2

in the incidents surrounding this action" and § 1983 liability is not available under a theory of respondeat superior. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977).

Third, the district court properly dismissed the § 1983 defamation claims because the United States Constitution does not afford a remedy for reputational injury alone. Paul v. Davis , 424 U.S. 693, 702 (1976); see also Cox v. Northern Virginia Transp. Comm'n, 551 F.2d 555, 558 (4th Cir. 1976) (stating that "defamation by a state official is not a federal constitutional or statutory tort").

Fourth, the district court properly dismissed Aylor's claims for deprivation of employment because she lacked a property interest in her position as a magistrate judge. See Board of Regents v. Roth, 408 U.S. 564 (1972); see also Va. Code Ann. § 19.2-38 (Michie 1995) (stating that such appointment is "revocable at the pleasure of the chief circuit judge"). Further, even if Aylor held a protected interest in her employment, the only available remedy is a hearing, which would have been unavailable from the Defendants because they did not employ her. See Roth, 408 U.S. at 573.

Finally, the district court properly dismissed Aylor's claim for deprivation of privacy because she did not have a reasonable expectation of privacy in either the information contained in the report or the report itself. See Paul, 424 U.S. at 713. Aylor concedes that Pugh was obligated to respond to the report of trouble; thus the information contained in the report does not enjoy privacy protection. Further, the report was a public record; thus, Jones did not deprive Aylor of privacy by sending it to Aylor's employer. See Walls v. City of Petersburg, 895 F.2d 188, 193 (4th Cir. 1990).

Accordingly, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

3