16 F.3d 411
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Vestal SCARBERRY, Plaintiff-Defendant,
v.
Bill BOWMAN, CORRECTIONS ADMINISTRATOR, McDowell County
Correctional Center, Defendant-Appellee.
 No. 93-6158.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 6, 1993.
Decided: Dec. 30, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.
 Vestal Scarberry, appellant pro se.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before HALL and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 
 PER CURIAM
 OPINION
 
 1
 Vestal Scarberry appeals from a district court order that adopted the report and recommendation of a magistrate judge[1] and dismissed Scarberry's 42 U.S.C. Sec. 1983 (1988) complaint as frivolous under 28 U.S.C. Sec. 1915(d) (1988). Though we express no opinion as to the merits of Scarberry's claims, we find that Scarberry's complaint has an arguable basis in law and fact. We therefore vacate the district court's order and remand the action for further proceedings.
 
 
 2
 Scarberry alleges that a corrections administrator ("Bowman") and a correctional officer ("Blevins")[2] were deliberately indifferent to his serious medical needs. Scarberry states in his complaint that he suffers pain in his leg resulting from gunshot wounds and that doctors have advised surgery or risk amputation. He continues that the Defendants canceled an appointment for medical treatment upon his transfer to their prison because he could receive medical attention more cheaply at another location.[3]
 
 
 3
 The magistrate judge determined that Scarberry's claim lacked any arguable factual or legal basis and dismissed the action as frivolous under 28 U.S.C. Sec. 1915(d). The magistrate judge found that the record disclosed that "authorities are making a reasonable response to plaintiff's medical problem." Scarberry noted his objections to the report; the district court adopted the report and recommendation and dismissed the action without prejudice. Scarberry noted a timely appeal.
 
 
 4
 Under Neitzke v. Williams, 490 U.S. 319 (1989), a district court may dismiss claims pursuant to 28 U.S.C. Sec. 1915(d) (1988) if the legal theories advanced are indisputably without merit or if the factual contentions are baseless. Id. at 327. The district court must "find 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of plaintiff's claim that he would not be entitled to relief." Boyce v. Alizaduh, 595 F.2d 948, 952 (4th Cir.1979). The frivolousness determination must be weighted in favor of plaintiff and the court should not let the frivolousness determination serve as a factfinding process for resolution of disputed facts. Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (U.S.1992).
 
 
 5
 Deliberate indifference to an inmate's serious medical needs is a violation of the eighth amendment ban on cruel and unusual punishment and is actionable under section 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A medical need is "serious" if it is " 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.' " Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981) (citation omitted). Deliberate indifference may be demonstrated by actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir.1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to him or would be apparent to a reasonable person in his position. Id.
 
 
 6
 A medical treatment claim cannot be brought against a supervisor absent an allegation that he was personally connected with the denial. Vinnedge v. Gibbs, 550 F.2d 926 (4th Cir.1977). Supervisory liability for denial of medical treatment requires a showing that supervisory officials failed to promptly provide an inmate with needed medical care, deliberately interfered with the prison doctor's performance, tacitly authorized or were indifferent to a prison physician's constitutional violations, Miltier, 896 F.2d at 854, or were responsible for alleged training deficiencies which caused harm. Mitchell v. Aluisi, 872 F.2d 577 (4th Cir.1989).
 
 
 7
 Though Bowman appears to be a supervisor in the jail, Scarberry alleges that he and Blevins were personally involved in denying him medical treatment. Scarberry's complaint can be construed to allege that the Defendants delayed medical treatment for his injured leg and interfered with a doctor's performance when his"appointment" was canceled. Scarberry states that both Defendants were aware of his medical problem and that they denied him medical attention solely because it could be done cheaper elsewhere. Scarberry, therefore, has alleged a claim against Bowman and Blevins that has an arguable basis in law and fact that survives scrutiny under section 1915(d).
 
 
 8
 There is no evidence in the record of the seriousness of Scarberry's leg injury or the extent of any medical attention he received. Scarberry alleges that he filed a grievance concerning his medical problems, but it was not returned to him; there is no evidence of the grievance or any response in the record. Thus, there is no evidence in the record that supports the magistrate judge's finding that "authorities are making a reasonable response to plaintiff's medical problem." For these reasons, we vacate the district court's order that adopted the report and recommendation of the magistrate judge and dismissed the complaint and remand the matter for further proceedings in the district court. We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 The court referred the matter to a magistrate judge pursuant to 28 U.S.C. Sec. 636(b)(1)(B) (1988)
 
 
 [2]
 The district court listed only Bowman as a defendant, but Scarberry named Blevins as an additional defendant in his complaint and alleged claims against her
 
 
 [3]
 Scarberry has since been transferred to another prison