**Nora DE VENTURA, et al.**

v.

**Officer Jason G. KEITH, et al.**

**No. Civ.A. DKC 99–3588.**

United States District Court,
D. Maryland.

Sept. 21, 2001.

Gordon G. Ovington, Ovington & Ovington, Rockville, MD, for plaintiff.

Joann Robertson, Montgomery County Attorney's Office, Rockville, MD, Patricia P. Via, Montgomery County Attorney's Office, Rockville, MD, Charles W. Thompson, Jr., County Attorney's Office, Rockville, MD, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this civil rights case is Defendants'

motion for summary judgment. The issues are fully briefed, and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court shall grant in part and deny in part Defendants' Motion for Summary Judgment.

## I. *Background*

The claims of Nora de Ventura and Jose Del Carmen Ventura against Officers Jason G. Keith and Christopher S. Johnson arise out of related events, but occurred at different times. Plaintiffs allege that, on October 11, 1998, officers came to the Ventura home in Rockville, Maryland, believing that Officer Johnson had observed Mr. Ventura driving in an improper manner. The officers did not possess either an arrest warrant or a search warrant. Approximately eight officers responded to the call placed by Officer Johnson, including a canine officer. Police officers pounded on the door and, according to Plaintiff, shouted orders and commands into the home. When Mrs. Ventura, the couple's daughter, Luisa, and the tenants who lived in the basement opened the door, the police inquired of the male tenant whether there were any other men in the house. An officer asked Mrs. Ventura if her husband was home and she answered, "No." Mrs. Ventura asserts that she was then told that she was "under arrest for lying." Paper No. 16, Ex. 4, Pl.Depo. at p. 19. According to Mrs. Ventura and Mario Hernandez, Mrs. Ventura was in the doorway of her house. The also assert that the officers were shouting and cursing at Mrs. Ventura. After threatening to search the house and threatening her with the canine, Officer Keith reached out and grabbed Mrs. Ventura, pulling her outside and forcing her to the ground.

Officer Keith asserts that Mrs. Ventura was out of the house on the front porch area behind two officers and that he asked her several times to move away. When he reached for her arm to escort her away from the other officers, he says that Mrs. Ventura pushed him as he pulled her off of the steps. She was handcuffed and arrested by at least two officers. Mrs. Ventura was charged with assaulting an officer and resisting arrest.

Meanwhile, Plaintiff's witness, Luisa Ventura, asserts that a search was taking place inside the house with the canine, including places where it would be impossible for a person to hide, for example the refrigerator and the dresser drawers. Officer Keith has not denied that the house was searched, or that he pulled Mrs. Ventura down on to the ground.

Mr. Ventura was not found that night. Officer Johnson later gave Mr. Ventura a number of traffic citations. Charges against both Mr. and Mrs. Ventura were *nol prossed.*

## II. *Standard of Review*

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.,* 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th

Cir.1950). The moving party bears the burden of showing that there is no genuine issue as to any material fact. FED.R.CIV.P. 56(c); *Pulliam Inv. Co.,* 810 F.2d at 1286 (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Gill v. Rollins Protective Servs. Co.,* 773 F.2d 592, 595 (4th Cir.1985). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. In *Celotex Corp.,* the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### III. *Analysis*

The complaint originally contained eleven counts: as to Nora de Ventura, count one—violation of civil rights; count two—assault and battery; count three—violations of Maryland Declaration of Rights; count four—false arrest; count five—false imprisonment; count six—malicious prosecution; count seven—intentional infliction of emotional distress; as to Jose del Carmen Ventura, count eight—false arrest; count nine—malicious prosecution; and as to both plaintiffs jointly, count ten—loss of consortium; and count eleven, failure to supervise, train and discipline. In an order dated June 12, 2000, the court dismissed some of the counts against some of the defendants and dismissed count seven in its entirety. In their motion for summary judgment, Officer Johnson moves for judgment in his favor on counts 3, 4, 5, 6, 8, and 9, and Officer Keith moves for judgment in his favor on counts 1, 3, 4, 5, 6, and 7. (Since the court has already dismissed count 7, the court assumes that Defendant meant count 2.)

### A. Mrs. Ventura's claims against Officer Johnson

 Mrs. Ventura included Officer Johnson in her claims generally. He avers

under oath that he had nothing to do with Mrs. Ventura at her home. In response, Plaintiff states, without citation to any authority, that the other officers acted as a result of Officer Johnson's requests for assistance. That alone, however, is not sufficient to hold him accountable for the conduct of other officers. "[L]iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977) (citing *Bennett v. Gravelle*, 323 F.Supp. 203, 214 (D.Md.1971)). Officer Johnson "must have had personal knowledge of and involvement in the alleged deprivation of appellant's rights in order to be liable." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir., 1985). *See also Vance v. Peters*, 97 F.3d 987, 991 (7th Cir .1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal citation omitted). Plaintiff does not assert anywhere in her response that Officer Johnson actually saw Officer Keith arrest Mrs. Ventura and she does not claim that Officer Johnson directly participated in the arrest. Nor can Plaintiff establish supervisory liability under § 1983. To support such a theory one must show: 1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to plaintiff's decedent; 2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and 3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by plaintiff's decedent. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir.1994) (internal cita-

tions omitted). Even if Officer Johnson was Officer Keith's supervisor during this incident, Mrs. Ventura has offered no evidence that Officer Johnson had actual or constructive knowledge of the incident taking place between Mrs. Ventura and Officer Keith, so she has failed to establish prong one of the *Shaw* test.

Plaintiff does not assert that Officer Johnson directed Officer Keith to arrest her. She does not dispute that Officer Johnson had no further contact with any individuals in the home. Since it has been established Officer Johnson was not directly involved or supervising the events which Mrs. Ventura asserts violated her civil rights, Defendant Officer Johnson shall be granted Summary Judgment on Counts 3, 4, 5, and 6 and, as a result, on the collateral claim by both plaintiffs in Count 10.

### B. Mr. Ventura's claims against Officer Johnson

■ Officer Johnson issued traffic citations for Mr. Ventura and requested that he come to a location to pick them up, which he did. The officer contends that the issuance of a citation is not an arrest, that when the Plaintiff, Mr. Ventura, voluntarily appeared at Syms to sign for the citations he was not detained for an unreasonable amount of time, and that, in any event, there was probable cause for the charges. Finally, for those claims that require a showing of malice, Officer Johnson contends that proof is totally lacking.

■ The issuance of a citation probably is not an arrest under Maryland law. The essential elements of an arrest under Maryland law are the taking or detaining of another 1) by touching him; 2) or by any act that indicates an intention to take him into custody that subjects him to the actual control of the arresting person; or 3) by the consent of the person being arrested. *State v. Evans*, 352 Md. 496, 513, 723 A.2d

423 (Md.1999). *See also Md.Code Ann.* § 26–201–202 (1999) (outlining the different procedures for issuing a citation from arresting a suspect.)

■ Even if there was an arrest, there clearly was probable cause in this case and, thus, the arrest was legal. Maryland has held that "[p]robable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." *Banks v. Montgomery Ward & Co.*, 212 Md. 31, 128 A.2d 600, 604 (1957). Officer Johnson has established that there was probable cause for the issuance of traffic citations based on the fact that he saw the car driving erratically and followed it home. Defendant Johnson has established that he assessed the totality of the circumstances appropriately to determine that there was probable cause to arrest Mr. Ventura. Less evidentiary proof is required to show probable cause for an arrest than is required to obtain a conviction. *Doering v. State*, 313 Md. 384, 545 A.2d 1281 (1988).

■ Probable cause must also be absent to sustain a claim for malicious prosecution. *DiPino v. Davis*, 354 Md. 18, 729 A.2d 354, 373 (1999). Officer Johnson has established the existence of probable cause for the issuance of the traffic citations, and Officer Johnson's motion for summary judgment shall be granted with respect to Count 8 for false arrest and Count 9 for malicious prosecution. As a result, the collateral claim under Count 10 for loss of consortium is no longer valid.

### C. Mrs. Ventura's claims against Officer Keith

#### 1. 42 U.S.C. § 1983

#### a. Fourth Amendment Unreasonable Search and Seizure Violation

Plaintiff alleges that her arrest without probable cause violated her Fourth Amendment rights. The Fourth Amendment provides, in pertinent part, "[t]he right of the people to be secure in their persons [and] houses ... against unreasonable searches and seizures, shall not be violated...." U.S. Const.Amend. IV. The court must examine whether there was probable cause for Mrs. Ventura's warrantless arrest. If there was no probable cause, the arrest is invalid.

■ Probable cause for a warrantless arrest is defined as the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing ... that the suspect has committed, is committing, or is about to commit an offense." *United States v. Gray*, 137 F.3d 765, 769 (4th Cir.1998) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979)). The test to determine whether probable cause existed "is an objective test [so] we examine the facts within the knowledge of arresting officers to determine whether they provide a probability on which reasonable and prudent persons would act." *Id.*

■ The parties dispute where Mrs. Ventura was located prior to being arrested by Officer Keith. Plaintiffs have clearly stated in their affidavits and their depositions that Mrs. Ventura was standing in the doorway of her own home. Defendants have offered an affidavit from Officer Keith attesting that Mrs. Ventura was outside her home behind two officers. Officer Keith asserts that Mrs. Ventura pushed him, which triggered the arrest. Mrs. Ventura asserts that she was in her home and that he dragged her out of her home, down the steps, and pushed her onto the front lawn. Defendants do not assert that, at any point, Mrs. Ventura was

a suspect in the driving incident that brought Officer Johnson to the house.

Viewing the evidence in the light most favorable to Plaintiffs, i.e. assuming Mrs. Ventura was standing inside the doorway of her home, then the court looks in vain for a justification to explain pulling Mrs. Ventura down her front steps, pushing her to the ground, and her arrest by multiple officers. None of the officers have said that they feared for their lives or that any of the suspects, Mr. or Mrs. Ventura, were known to be violent. Officer Keith does not assert that Mrs. Ventura had committed or was committing an offense. Keith asserts that he saw her standing behind the officers and that he approached her "because of my experience on the street and my training that I've been given ... there was a person standing behind two police officers that had no knowledge that she was standing behind them." Paper No. 16, Defs.' Mot. For Summ.J., Ex. 3 at p. 15. Keith does not assert that he suspected her of intending to commit a crime, nor does anyone assert that she was even a suspect in the supposed traffic violation that triggered this incident.

### b. Entitlement to Qualified Immunity

Defendants assert, moreover, that Officer Keith had an objectively reasonable basis for believing in the lawfulness of his act and, thus, should be granted qualified immunity. Paper No. 16 at 13–14. Under the doctrine of qualified immunity, public officials, such as law enforcement officials, are not liable under federal law for civil damages to the extent that their conduct does not contravene "clearly established rights of which a reasonable person would have known." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir.1998), *quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). An officer is "entitled to summary judgment on qualified immunity grounds if he can establish ... that a reasonable officer could have believed that the search comported with the Fourth Amendment even though it actually did not." *Anderson v. Creighton*, 483 U.S. 635, 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *See also Gooden v. Howard County*, 954 F.2d 960, 966 (4th Cir.1992). A court must analyze the "objective legal reasonableness" of the search and seizure to determine whether qualified immunity applies. *Rich v. United States*, 158 F.Supp.2d 619, 626 (D.Md.2001) (citing *Harlow*, 457 U.S. at 819, 102 S.Ct. 2727). However, "summary judgment on qualified immunity grounds is improper as long as there remains any material factual disputes regarding the actual conduct of defendants." *Vathekan v. Prince George's County*, 154 F.3d 173, 180 (4th Cir.1998) (citing *Pritchett v. Alford*, 973 F.2d 307, 313 (4th Cir. 1992)).

Recently *Saucier v. Katz* outlined and clarified the procedure for considering a summary judgment motion when faced with a qualified immunity claim:

A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry. In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will be the basis for holding that a right is clearly established.

[I]f a violation could be made out on a favorable view of the parties' submissions, the next sequential step is to ask whether the right was clearly established. This inquiry, it is vital to note, must be undertaken in light of the spe-

cific context of the case, not as a broad general proposition; and it too serves to advance understanding of law and to allow officers to avoid the burden of trial if qualified immunity is applicable.

*Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 2156 (2001).[1]

To obtain qualified immunity under *Saucier,* Defendant Keith must establish that in light of the clearly established law on probable cause for warrantless arrests, he reasonably could have believed that the arrest of Mrs. Ventura was lawful. "The relevant dispositive inquiry ... is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* (internal citation omitted). Defendant Keith contends that Mrs. Ventura was out of her home on her front step and that she pushed him as he was pulling her down the stairs, while Mrs. Ventura and her witnesses assert that she was inside her home, pulled out and thrown onto the ground, and arrested without probable cause. This conflicting evidence must be viewed in the light most favorable to the Plaintiffs at this time.

In sum, Plaintiff's Fourth Amendment claim presents genuine issues of material fact which preclude entry of judgment as to Count 1, concerning the arrest of Mrs. Ventura. Plaintiff has not, however, produced any evidence that either officer ever entered her home and conducted a search. As stated above, without either personal participation or a basis for supervisory liability, there can be no valid § 1983 claim. Accordingly, to the extent that Plaintiff asserts a fourth amendment search claim, it fails.

### 2. Article 24 of the Maryland Declaration of Rights

 Plaintiffs allege that Officer Keith also violated Mrs. Ventura's rights under the Maryland Declaration of Rights. Defendants ask for summary judgment on this ground asserting that Articles 24 and 26 of the Maryland Declaration of Rights have been held "to be in *pari materia* with the Fourth, Fifth, and Fourteenth Amendments." Paper No. 16 at 14, n. 2. They assert no other ground for granting of summary judgment based on this claim. Therefore, since the Defendant urges that Article 24 be read consistently with the Fourth Amendment and there is a question of material fact under the Fourth Amendment, the court is precluded from entering summary judgment as to Count 3 since there is a genuine issue of material fact still in dispute. The Court is also precluded from entering summary judgment on Count 3 in favor of Montgomery County since they could still be held liable under the theory of respondeat superior based on Officer Keith's potential liability.

### 3. Maryland State Law Claims for False Arrest, False Imprisonment, Malicious Prosecution, and Assault and Battery

#### a. False Arrest and False Imprisonment

 Officer Keith has also moved for summary judgment on Plaintiff's state law claims. Maryland has applied the same standard for false arrest and false imprisonment claims, so the court will examine Counts 4 and 5 together. *Okwa v. Harper,* 360 Md. 161, 189–90, 757 A.2d 118 (2000). As Defendant asserts, the legality of the arrest is judged by the fundamental

---

**1.** Although *Saucier* dealt with a claim of excessive force against a federal law enforcement officer arising under *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the analysis is the same under § 1983 as it is in *Bivens* actions. *Graham,* 490 U.S. at 394 n. 9, 109 S.Ct. 1865.

inquiry as to whether there was probable cause for the arrest. Maryland has clearly held that "[p]robable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty." *Banks v. Montgomery Ward & Co.*, 212 Md. 31, 128 A.2d 600, 604 (1957). "It is equally clear that if the facts, and the inferences to be drawn therefrom, relied on to constitute probable cause ... are contested, however, whether they are proved is a question for the jury." *Exxon Corp. v. Kelly*, 281 Md. 689, 381 A.2d 1146, 1151 (1978) (internal citations omitted). Since the facts concerning the circumstances surrounding Mrs. Ventura's seizure and arrest are in dispute, it is not possible to determine whether probable cause existed. Taking the facts in the light most favorable to Plaintiff, Officer Keith has not unequivocally established that she resisted arrest or assaulted an officer. There is still a factual dispute regarding the facts and circumstances underlying Plaintiff's arrest, and Officer Keith's motion for Summary Judgment on Counts 4 and 5 is denied.

### b. Assault and Battery

■ Officer Keith asserts that he is entitled to summary judgment on Count 2 for assault and battery because a police officer is "entitled to use a reasonable amount of force in effecting a lawful arrest." Paper No. 16 at 24. However, since there is a question of material fact as to whether the arrest itself was lawful, it is not possible to grant summary judgment on Count 2. Moreover, there is an additional question as to whether the force was reasonable, even if the arrest was lawful. Therefore, Defendant's Motion for Summary Judgment on Count 2 is denied.

### c. Malicious Prosecution

■ Officer Keith asserts that summary judgment should be granted in his favor on Count 6 for malicious prosecution based on his assertion that he had probable cause to arrest Mrs. Ventura and, in addition, there is no evidence of malice. In *DiPino v. Davis*, 354 Md. 18, 729 A.2d 354, 373 (1999), Maryland established a four-prong test for malicious prosecution:

> [T]he plaintiff must show (1) that a criminal proceeding was instituted or continued by the defendant against the plaintiff, (2) that the proceeding terminated in favor of the plaintiff, (3) the absence of probable cause for the proceeding, and (4) malice, meaning that a primary purpose in instituting the proceeding was other than that of bringing the plaintiff to justice.

■ Plaintiff has clearly met prong 1 since it is undisputed that a criminal proceeding was instituted against Mrs. Ventura. She has also met prong 2 because it is accepted that the charges being *nol prossed* is a favorable outcome for Plaintiff. The favorable outcome, however, does not automatically provide evidence of lack of probable cause necessary for prong 3. *Exxon Corp. v. Kelly*, 281 Md. 689, 381 A.2d 1146, 1151 (1978). However, there is still a question of material fact as to whether there was probable cause for the arrest and the ensuing criminal charges. Therefore Officer Keith has not adequately demonstrated that no question of material fact remains on the malicious prosecution charge.

### IV Conclusion

For the foregoing reasons, the motion for summary judgment will be granted in part and denied in part. The claims of both plaintiffs against Officer Johnson fail. Mrs. Ventura's claims against Officer Keith and Montgomery County arising from her arrest and the amount of force

used remain for trial. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this ———— day of September, 2001, by the United States District Court for the District of Maryland, ORDERED that:

1. Christopher Johnson's motion for summary for summary judgment BE, and the same here IS, GRANTED and JUDGMENT BE, and the same hereby IS, ENTERED in his favor and against Nora de Ventura and Jose del Carmen Ventura on all counts;

2. Jason G. Keith's motion for summary judgment BE, and the same hereby IS, DENIED;

3. The claims against Jason G. Keith in counts 1, 2, 3, 4, 5, 6, and 10, and Montgomery County in count 3, remain for trial;

4. A telephone scheduling conference will be held on Thursday, October 18, 2001, at 9:00 a.m. Counsel for Plaintiff is directed to arrange for and initiate the call to counsel for Defendants and the court; and

5. The clerk will transmit copies of the Memorandum Opinion and this Order to counsel for the parties.