Peter A. MUNTJAN

v.

Donald WALTEMEYER, et al.

No. L–98–675.

United States District Court,
D. Maryland.

Oct. 9, 2001.

---

Peter A. Muntjan, Kensington, MD, Pro se.

Mark L. Austrian, Collier, Shannon, Rill and Scott, Washington, DC, for Plaintiff.

Eileen A. Carpenter, Law Office, Baltimore, MD, Myron T. Brown, Houston–Marshal Law Office, Baltimore, MD, Elisabeth A. Sachs, Assistant Attorney General, William R. Phelan, Jr., Dan Friedman, Law Department, Baltimore, MD, for Defendants.

### MEMORANDUM

LEGG, District Judge.

This case arises out of the arrest and prosecution of the plaintiff, Mr. Peter Muntjan, by the Baltimore City Police and the State's Attorney for Baltimore City. On March 4, 1995, Mr. Muntjan was involved in an altercation in Baltimore City that resulted in the shooting death of another unnamed person. Mr. Muntjan was arrested on the night of the altercation. In April 1995, Mr. Muntjan was indicted for murder by a state Grand Jury. In January 1997, he was acquitted of all charges.

On March 4, 1998, Mr. Muntjan, acting *pro se*, initiated this lawsuit. His Complaint names as defendants Officers Donald Waltemeyer and David Cheuvront (the investigation police officers), the Office of the State's Attorney, the City of Baltimore, and the State of Maryland. He brought the following thirteen counts against the various defendants: (i and ii) violation of constitutional rights pertaining to his arrest; (iii) violation of statutory civil rights pertaining to his arrest and imprisonment; (iv) conspiracy to violate his civil rights pursuant to 42 U.S.C. § 1983; (v) unlawful arrest; (vi) unjust imprisonment; (vii) invasion of privacy and defamation of character pertaining to searches of his residence; (viii) trover and conversion relating to property seized by the police; (ix) malicious prosecution and abuse of process; (x) respondeat superior liability against the State of Maryland and City of Baltimore for the actions of the Police; (xi) respondeat superior liability against Baltimore City for the conduct of Defendants Waltemeyer and Cheuvront before the Grand Jury; (xii) negligence by the State's Attorney and City of Baltimore; and (xiii) negligence by Defendants Waltemeyer and Cheuvront.

By Order dated July 14, 2000, this Court dismissed all charges against the State Defendants (the State of Maryland, the

Office of the State's Attorney for Baltimore City, and Assistant State's Attorneys Donald Giblin and Carolyn Saxon). Counts X and XII were dismissed on Eleventh Amendment sovereign immunity grounds; count IX was dismissed due to prosecutorial immunity; and count IV was dismissed because the State's Attorney's office is not a "person" capable of being sued under § 1983. Additionally, the Court dismissed counts V–XII against the Mayor and City Council of Baltimore City ("City Defendants") because, under Maryland law, City Defendants are a state, rather than a local, agency for purposes of respondeat superior liability.

In its July 14, 2000 Order, the Court also bifurcated the civil rights claims against City Defendants. Under the terms of the bifurcation, the claims proceeded solely on the question of the liability of the individual defendants, Waltemeyer and Cheuvront. In the event that the liability of the two officers were established, then the case against the City Defendants would be tried in phase two. At the conclusion of discovery, Defendants Waltemeyer and Cheuvront (the "Officers") filed a motion for summary judgment, which was opposed by Mr. Muntjan.

On March 9, 2001, the Court dismissed the Officers' Motion for Summary Judgment without prejudice because it did not address all the claims raised by Mr. Muntjan.[1] The Court, however, also gave the Officers leave to refile a supplemental motion for summary judgment, addressing the omitted subjects. On April 16, 2001, the Officers filed a supplemental motion for summary judgment, which was opposed by Mr. Muntjan. Because the motion has been fully briefed, the Court will dispense with a hearing. *See* Local Rule 105.6 (D.Md.1999).

Having carefully considered the papers, the Court concludes that the Officers are entitled to summary judgment in their favor. Additionally, because Mr. Muntjan's claims against City Defendants are dependent on his claims against the Officers, and the Court finds that the claims against the Officers are without merit, the Court grants the City Defendants' Motion to Dismiss. Accordingly, the Court shall, by separate Order, GRANT the Officers' Motion for Summary Judgment, GRANT the City Defendants' Motion to Dismiss, and CLOSE the case.

## I. Factual Background:

On March 4, 1995, the Officers were called to Mr. Muntjan's residence to investigate a shooting. Upon arrival, the Officers discovered the shooting victim lying on the ground in a fenced in lot. The victim had been shot in the chest and his hands were bound together with rope. Mr. Muntjan informed police that the victim had attempted to break into his house, that he struggled with the victim inside the house, and then the shotgun went off. The Officers did not believe that the evidence indicated a self-defense shooting and they arrested him that night. Mr. Muntjan was transported to the Homicide Unit and advised of his *Miranda* rights. He invoked his right to counsel and no questions were asked of him. In April 1995, Mr. Muntjan was indicted for murder by a state Grand Jury. In January 1997, he was acquitted of all charges.

As previously stated, on March 4, 1998, Mr. Muntjan filed a complaint against the Officers, the State Defendants, and the

---

1. The Court stated, however, that Defendant Officers were not required to respond to Mr. Muntjan's allegations that Defendant Officers withheld discovery during trial, committed perjury before the Grand Jury and at trial, conspired with prosecutors, and withheld evidence.

City Defendants, alleging assorted constitutional, statutory, and common law·violations. After winding their way through various stages of litigation, the following motions are before the Court: (i) the Officers' Supplemental Motion for Summary Judgment, and (ii) the City Defendants' Motion to Dismiss.

## II. Summary Judgment Standard:

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987) (recognizing that trial judges have "an affirmative obligation" to prevent factually unsupported claims and defenses from proceeding to trial.). Nevertheless, in determining whether there is a genuine issue of material fact, the Court views the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the non-moving party. *Pulliam Inv. Co. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir.1987).

## III. Discussion:

### A. Constitutional law claims pertaining to Mr. Muntjan's arrest:

In Plaintiff's Complaint, he alleges that his rights under the Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution were violated as a result of his alleged arbitrary arrest and imprisonment. On all of these claims, the dispositive question is whether the defendants possessed probable cause to arrest Mr. Muntjan. Mr. Muntjan contends that the defendants did not possess probable cause to believe that he had committed the murder because the "totality of the evidence" indicated that "a self-defense shooting of a night burglar" had occurred.

In their motion for summary judgment, the Officers contend that Plaintiff's allegations are without merit because (i) they had probable cause to arrest Muntjan, and (ii) even if probable cause was lacking, they are entitled to qualified immunity because a reasonable officer could have believed that their conduct was lawful in light of clearly established law and the information they possessed. The Court finds that the Officers have demonstrated that there was probable cause to arrest Mr. Muntjan on March 4th.

 Probable cause requires "facts and circumstances sufficient to warrant a prudent [person] in believing that the [suspect] committed or was committing an offense." *White v. Maryland Transportation Authority, et al.,* 151 F.Supp.2d 651, 655 (D.Md.2001); *see also De Ventura v. Keith,* 2001 WL 1111071, *4, —— F.Supp.2d —— (D.Md.2001). The evidence regarding the facts and circumstances of the evening of March 4th, were sufficient to give rise to probable cause for the defendants to arrest Mr. Muntjan.

When Defendant Officers arrived on the scene on March 4th, Mr. Muntjan informed them that he had been struggling with the victim inside of his house when the shotgun went off. The Officers, however, observed evidence suggesting that the victim had not actually been shot in-. side Mr. Muntjan's residence. Specifically, the defendants observed the following: (1) there was no blood found inside the residence and nothing was disturbed; (2) the shotgun was found in the doorway leaning against the wall; (3) a large amount of blood was found outside; (4) shattered glass with blood was found out-

side; (5) drag marks were observed outside; (6) tennis shoes which appeared to belong to the victim were found in the west side of the lot/yard area. This evidence, as observed by the Officers on the evening of March 4th, was sufficient to support a finding of probable cause. Accordingly, Mr. Muntjan's constitutional claims must fail as they are all premised on the argument that there was no probable cause for his arrest or the search of his residence.

### B. Sixth Amendment-right to counsel claim:

On page 121 of his deposition, Mr. Muntjan alleges that the defendants attempted to intimidate him into waiving his right to counsel and answering questions in violation of the Sixth Amendment. Mr. Muntjan, however, never waived his right to counsel; he answered no questions, and therefore, never suffered any redressable injury. Accordingly, Mr. Muntjan's Sixth Amendment claim must fail.

### C. Search of Mr. Muntjan's residence on the night of the homicide and the alleged ransacking of Mr. Muntjan's residence:

■ Mr. Muntjan contends that the warrantless search of his residence on the night of the homicide was in violation of the Fourth Amendment because there were no exigent circumstances to justify the search. A police officer performing a discretionary function is insulated from civil liability to the extent that his conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Because a murder had just been committed, it was not unreasonable for an officer to conduct a warrantless search of the premises where the victim's body was found. Therefore, Defendant Officers' search of Mr. Muntjan's apartment is protected by qualified immunity.

Additionally, Mr. Muntjan has presented no evidence that his residence was "ransacked" on the evening of March 4. Accordingly, the Court finds that this claim is without merit.

### D. The second search of Mr. Muntjan's residence:

■ Mr. Muntjan contends that the officers unlawfully searched his residence for a second time with a warrant for 1515 Fleet Street rather than for 610 South Dallas (the actual address of his residence). The search warrant was based on the Statement of Probable Cause, which reports that the defendants responded to a shooting at the "rear of 1515 Fleet Street," where the victim's body was found. Undoubtedly, the address noted on the search warrant was intended to correspond to the address where the shooting took place and this address was taken from the Statement of Probable Cause. At most a clerical error was made as to the address; the Statement of Probable Cause clearly identifies the house that was to be searched. Accordingly, Mr. Muntjan's allegation that the second search of his residence was unlawful is without merit.

### E. Statutory civil rights claims:

■ Plaintiff also alleges that his arrest and imprisonment was in violation of his statutory civil rights guaranteed under 42 U.S.C. § 1983. Section 1983 creates a cause of action against state officials for deprivation of federal statutory or constitutional rights. However, as discussed *supra* Parts III. A–D, the Court finds that Mr. Muntjan's constitutional claims against the Officers are without merit. Because there was no violation of Mr. Muntjan's

constitutional rights, his claim for violation of his civil rights under section 1983 must fail.

### F. Negligence claim:

 In Count XIII of his complaint, Mr. Muntjan alleges that the defendants' handling of his case constitutes negligence. Specifically, Mr. Muntjan states that the "providing of false testimony against [him] and other damages perpetrated against [him], when defendants had no lawful authority to arrest plaintiff or to continue to imprison and prosecute him" was negligent. Plaintiff's Complaint at ¶ 76–77. However, as the Officers' Motion for Summary Judgment notes, public officials, performing discretionary acts, are entitled to immunity for non-intentional torts in the absence of malice. *Ashton v. Brown*, 339 Md. 70, 660 A.2d 447, 470 (1995). Mr. Muntjan has presented no evidence that Defendants acted with malice other than his own opinion.[2] Accordingly, Mr. Muntjan's negligence claim fails as a matter of law.

### G. Defendant Waltemeyer's alleged "deliberate misrepresentation of material fact":

 Mr. Muntjan contends that Defendant Waltemeyer made a deliberately false statement in the Statement of Probable Cause regarding whether there was evidence on the scene to suggest that the victim was shot in the doorway. To state a claim for intentional misrepresentation, Mr. Muntjan must establish that Defendant Waltemeyer "(1) made a representation that was false, (2) knew of its falsity or made it with such a reckless indifference to truth as to be equivalent to actual knowledge, and (3) made the statement for the purpose of defrauding the injured party; and that the injured party (4) not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and would not have executed the contract had it not been made, and (5) suffered damage directly resulting from such fraudulent misrepresentation." *De-Leon Enterprises, Inc. v. Zaino*, 92 Md. App. 399, 608 A.2d 828, 837 (Md.1992).

Mr. Muntjan argues that a number of facts support his claim of intentional misrepresentation. He notes that Defendant Waltemeyer recovered a flat rock stepstone near the door to Mr. Muntjan's residence with blood on it. Mr. Muntjan argues that Defendant Waltemeyer must have been lying when he said that there was no evidence that the shooting took place in the doorway. Mr. Muntjan also states that "Waltemeyer was well aware of the blood at the doorway," but gives no supporting evidence other than his own affidavit. He also states that "other officers on the scene . . . had to step over the blood at the doorway," citing his own complaint for support. In sum, Mr. Muntjan has presented no evidence, other than his own opinion, that Defendant Waltemeyer made a knowingly false statement or acted with reckless indifference to the truth. Accordingly, the Court finds that Mr. Muntjan's claim of intentional misrepresentation must fail.

### H. Theft and conversion claims:

Mr. Muntjan states that the defendants stole $40 and converted personal items

---

**2.** In his opposition to the defendants' motion for summary judgment, Mr. Muntjan states that the following facts illustrate malice: "Waltemeyer's deliberate falsification of fact in his statement of probable cause, and his perjured testimony before the Grand Jury, as well as the coercive intimidation tactics and threats of violence." Plaintiff's Memorandum at 7. Because Mr. Muntjan has failed to provide any evidence to substantiate these "facts," the Court finds that they are entitled to no weight.

during their search of his residence. In his affidavit, Mr. Muntjan states that 22 items were seized from his residence and that only two have been returned to him. He states that he has "enough evidence of the complicity of defendant officers" to put before the jury, however, he does not state what this evidence is. As discussed *supra* Part III. A, the defendants had legal justification to search Mr. Muntjan's evidence and seize various items. Because Mr. Muntjan has provided no evidence to substantiate his claims of theft and conversion, the Court finds that these claims are without merit.

### I. Photographs:

Mr. Muntjan contends that the defendants did not turn over all of the photographs to him. Both parties agree that Mr. Muntjan was given the opportunity to inspect and copy all documents and photographs in connection with discovery for this case. Additionally, the Court was given the opportunity to review copies of the photographs as an exhibit to Defendants' Motion for Summary Judgment. Mr. Muntjan has failed to address these facts or how he has been damaged by the alleged failure of Defendants to turn over the photographs. Accordingly, the Court finds that Mr. Muntjan's contention that the defendants did not turn over the photos to him is without merit.

### J. Pendent claims:

Mr. Muntjan's Complaint alleges several state common law claims such as false arrest, false imprisonment, intrusion upon seclusion, false light, and malicious prosecution. Under the doctrine of supplemental jurisdiction, "a court has discretion to dismiss or keep a case when it 'has dismissed all claims over which it has original jurisdiction.'" *Shanaghan v. Cahill,* 58 F.3d 106, 110 (4th Cir.1995); *see also* 42 U.S.C. § 1367(c)(3). Because the Court has dismissed all of the claims over which it had original jurisdiction and the plaintiff has failed to present any arguments as to why the Court should exercise pendent jurisdiction, the Court hereby dismisses the remaining state common law claims.

### K. Motion to Dismiss and/or for Summary Judgment filed by City Defendants:

Still outstanding is the Motion to Dismiss and/or for Summary Judgment filed by the City Defendants. Plaintiff's Complaint alleges that the City Defendants are liable under section 1983 for the unconstitutional acts of its detectives. Plaintiff's claims against the City Defendants are dependent on the validity of his constitutional claims against the Officers. In other words, the existence of a constitutional violation by the Officers is a prerequisite for establishing liability of the City Defendants. Because the Court finds no constitutional violation by the Officers, *see supra* Part III. A, the City Defendants are not liable under section 1983 because no constitutional deprivation or injury has occurred. Accordingly, the Court hereby GRANTS the City Defendants' Motion to Dismiss.

### IV. Conclusion:

For the aforementioned reasons, the Court shall, by separate Order GRANT Defendant Waltemeyer and Cheuvront's Motion for Summary Judgment and GRANT Defendant Mayor and City Council of Baltimore's Motion to Dismiss.

### *ORDER*

For the reasons stated in a Memorandum of even date, the Court hereby ORDERS that:

(i) Defendant Waltemeyer and Cheuvront's Supplemental Motion for Summary Judgment is GRANTED;

(ii) Defendant Mayor and City Council of Baltimore's Motion to Dismiss is GRANTED;

(iii) this order shall constitute a Final Judgment in the case; and

(iv) the Clerk is DIRECTED to CLOSE the CASE.